BATES *against* SHRAEDER.

Where A. is seised of a reversion expectant, on the determination of the life estate of a tenant by the curtesy, as son and heir of B., the wife of the tenant by the curtesy, and in whom was the fee of the land, A. does not become a new *stirpes*, or stock of descent; but a person claiming the reversion, must deduce his title immediately from B., the person who was last actually seised in fee of the land.

Therefore, the eldest son, of the eldest uncle of A., will not inherit, but the brothers and sisters of B., and their representatives, are the next heirs, according to the provisions of the statute of descents.

An action of waste does not lie by the heir against the assignee of the tenant by the curtesy, but only against the tenant himself.

IN ERROR, on *certiorari* to the court of common pleas, of the county of *Dutchess*.

This was an action of waste. The declaration stated, that *Elizabeth Graham* was seised in her *demesne*, as of fee, in certain premises, in the town of *Fishkill*, which are described by metes and bounds, and contained twenty-five acres; and being so seised, she married *Duncan Graham*, and, during the coverture, they had a son born, *John Graham*, by which marriage, and birth of a son, *Duncan Graham* became entitled to the premises as tenant by the curtesy, the reversion being in the said *Elizabeth*, and her heirs; that *Elizabeth Graham* died, whereby her son, *John Graham*, became entitled to the reversion of the premises, as heir to his mother; that *John Graham* died without issue, and without leaving any brother or sister, or any legal representative of such brother or sister, and that the plaintiff became entitled to the reversion as heir at law of *John Graham*, he, the plaintiff, being the oldest son of *John Bates*, deceased, who was the oldest brother of *Elizabeth Graham*, and the oldest uncle of *John Graham*; that *Duncan Graham*, during the continuance of his estate as tenant by the curtesy, in the year 1809, assigned his estate in the premises to the defendant, who being in the possession thereof, did wrongfully and unjustly make waste, sale, and destruction, in the whole of the said premises, by destroying and changing the nature of the land, &c.; by felling timber, &c., and felling divers trees, &c., to the disinherison of the plaintiff, and against the form of the statute in such case provided.

To this declaration there was a general demurrer, and joinder in demurrer.

*J. Tallmadge*, in support of the demurrer, contended, that *John Graham* did not constitute a stock of descent; for, as the tenant by the curtesy was still living, the descent was suspended; and for this, the case of *Jackson* v. *Hendricks*\* was an

\* 3 Johns. Cas. 214. 2 Bl. Com. 209 227. n 13. 312. 2 Woodes. 252, 253, 254. 2 *Wils. Rep.* 47. 2 *Co. Litt.* 241. b.

authority in point. In the action of waste, the plaintiff must set forth his title specifically and definitely.*

Again, the heir at law cannot bring this action against the assignee of the tenant by the curtesy, for the privity remains between the tenant by the curtesy and the heir.† Our statute,‡ for preventing waste, is a transcript from the statute of Gloucester, 6 Edw. I. c. 5.; and, though the statute gives a remedy for the grantee of the reversion, against the tenant or his assignee, yet no remedy is provided where the heir keeps the reversion against the assignee of the tenant.§

·Should it be said, that the 33d section of the act for the amendment of the law, which gives an action of waste, or trespass, to the remainder-man, or reversioner, for any injury done the inheritance, notwithstanding any intervening estate for life, or for years,‖ supplies a remedy for this case, it may be answered, that, by the construction given to that section of the act, by the court, in the case of Livingston v. Haywood,** the difficulty of the intervening estate only is removed, as between the remainder-man or reversioner and the tenant; and the action of waste lies only against the tenant, though trespass may be brought against a stranger.

P. Ruggles, contra, contended, that the title was sufficiently set forth. The declaration avers, that the plaintiff was the eldest son of John Bates, who was the eldest brother of E. Graham, and the oldest uncle of John Graham, though it is silent as to there being other brothers or heirs. If the defendant meant to avail himself of the existence of such a fact, he should have traversed the facts in the declaration. It was not a matter to be pleaded in abatement.††

The statute of descents‡‡ provides, that nothing therein contained shall be construed to bar or injure the right or estate of a husband or tenant by the curtesy, or a widow's right of dower. Admitting the doctrine as to descents, still there is that reversionary interest in the plaintiff which entitles him to this action.

It is true that the action may be maintained by the heir against the tenant by the curtesy, notwithstanding he has assigned his interest; but the heir has his election to bring his action against the assignee. Coke§§ says, " if the heir, either before the assignment had granted, or after the assignment doth grant, the reversion, &c., the stranger shall have an action of

* 2 Saund. 234.
.6 Com. Dig. Waste, (C. 4.) 518.
† 7 Bac. Ab. 267, 268. Waste, (H.)
2 Inst. 300, 301, 302. Fitzherb. 129 (F.) 128. (A.) Co. Litt. 54. a 316. a.
‡ 1 N. R. L. 62. sess. 10 c. 6. s. 3.
§ 1 Cruise's Dig. 124. Curtesy, c. 2. s. 32. 2 Bac. Ab. Curtesy, (E.)

‖ 1 N. R. L. 527. sess. 36. c. 56. s. 33.

** 11 Johns. Rep. 429.

†† Com. Dig. Abatement, (E. 8.) (E. 10.)

‡‡ Sess. 9. c. 12. s. 4. 1 N. R. L. 52.

§§ Co. Litt. 54. a. 6 Com. Dig. Waste, (C. 4.)

waste against the assignee, because, in both cases, the privity is destroyed : in all other cases the action of waste shall be brought against him that did the waste, (for it is in the nature of a trespass,) unless it be in the case of a ward." The lord may elect the assignee of the tenant to be his tenant.

This case comes within the act which gives the remainder-man or reversioner an action of waste and trespass for any injury done to the inheritance, notwithstanding an intervening estate for life or for years.

Suppose a recovery in an action against *Duncan Graham,* for the place wasted, and treble damages, what remedy would he have? The plaintiff elects to bring his action directly against the person who has done the injury, and who ought to pay the penalty.

YATES, J., delivered the opinion of the court. This is an action of waste, brought by the plaintiff against the assignee of the tenant by the curtesy. The declaration states, that the plaintiff's right of inheritance to the *locus in quo* is derived from *John Graham,* as the person last seised. It also states the previous seisin of *Elizabeth Graham,* his mother, who died, leaving her husband tenant by the curtesy, from whom the defendant holds the premises by assignment; that *John Graham* derived his inheritance from the mother; and that both died without lawful issue. The waste is specially stated, and it then concludes that the plaintiff is injured, and has sustained damages to the value of two thousand dollars, and, therefore, he brings suit, &c.

To this declaration there is a general demurrer and joinder; and in support of the demurrer it is insisted, that *John Graham* was not so seised as to form a new stock of descent, and that the plaintiff is not heir at law; and if he be such heir, that waste does not lie by him against the assignee of the tenant by the curtesy.

From the facts set forth in the declaration, it does not appear that this is a case not provided for in our statute to regulate descents; and the common law governs only in cases not provided for by that act. It is stated that the inheritance is claimed through *John Graham,* the son, who died in the lifetime of his father, the tenant by the curtesy. There can be no doubt that this tenancy suspended the descent, so that the inheritance could

not be transmitted during the continuance of that estate, as no stock of descent, during its existence, could be formed by *John Graham.* And as it does not appear, by the declaration, when the mother died, nor whether she left any other brother or sister besides the plaintiff in this cause, a sufficient title to the inheritance is not shown to sustain the action.

But admitting that the plaintiff is entitled to the inheritance, it is clear he cannot seek redress from the present defendant. (1 *Inst.* 54. 2 *Inst.* 301. *a.*) At common law, the assignee of the tenant by the curtesy cannot be sued in waste. The action ought to have been brought against the tenant himself by the heir; and the books state that thereby he shall recover the lands against the assignee, for the privity which is between the heir and tenant by the curtesy. (*Walker's Case,* 3 *Co.* 23.) So, if tenant in dower, or tenant by the curtesy, grant over their estate, yet the privity of action remains between the heir and them, and he shall have an action of waste against them for waste committed after the assignment; but if the heir grant over the reversion, then the privity of action is destroyed, and the grantee cannot have any action of waste but only against the assignee; for between them is privity in estate; and between them and the tenant in dower, or the tenant by the curtesy, is no privity at all; so that, at law, if the assignee is suable in waste, there must be a privity of estate; unless, then, the action against the assignee is warranted by the statute, it is improperly brought in this instance.

The section in the act (sess. 36. ch. 56.) does not authorize this action, for, according to the decision in *Livingston* v. *Haywood,* it gives the reversioner or remainder-man an action of waste or trespass for any injury done to the inheritance, notwithstanding an intervening estate for life or for years; it gives the action of waste where waste is the appropriate remedy, and trespass where trespass is the appropriate remedy, but does not alter the law as to the requisite privity of estate between the heir and the tenant by the curtesy, so that the principle continues the same as to his assignee, who, without such privity, is not liable in waste.

The 6th and 7th sections of the act, for preventing waste, contain no authority for this action; the 6th gives the right of action to the heir at any time during or after his minority, and the 7th section declares, tenants for life, or for another's life, or

NEWYORK,
May, 1816.

for term of years, or any other term, liable to waste after granting their estates, if they take the profits. Neither of those sections can be so construed as to alter the law on the subject, so as to give the heir an action of waste against the assignee of the tenant by the curtesy. It would seem that such action can be brought in no case, except where the heir has granted over the reversion, because, as before stated, by the grant the privity of the action is destroyed, and the grantee cannot have any action of waste but only against the assignee, for as between them there is privity in estate, but no such privity, after the grant, exists between the assignee and the tenant by the curtesy. It is, therefore, evident, that the action of waste, in this instance, cannot be maintained by the heir against the assignee. The law is decidedly against it; and the principles in relation to tenants by the curtesy ought to be strictly applied, in an action like the present, because the judgment operates as a penalty, the recovery being not only for the place wasted, but treble damages. The defendant is, consequently, entitled to judgment.

Judgment for the defendant.