CARRIS *vs.* INGALLS.

In an action of *waste* against a *tenant for life or years,* it is not necessary to recite or refer to the statute giving the action, either in the *summons* or declaration.

But the plaintiff must allege in the declaration a *seisin in fee* in himself, as well as a *demise to the tenant;* and the omission to do so is not cured by the *verdict.*

ERROR from the Seneca common pleas. Ingalls sued Carris in an action of *waste.* By the *summons,* the defendant was required to show cause wherefore he had committed waste to the injury of the plaintiff of a certain dwelling house, farm and garden, situate in the town of Seneca Falls, &c. known and distinguished as subdivision number *nine,* &c. containing $18\frac{17}{100}$ acres, and lots numbers *one* and *two* of a tract. &c. (describing it,) containing together $34\frac{15}{100}$ acres, "*which the said John Carris held for years.*" The plaintiff in his *declaration,* after setting forth the substance of the summons, proceeded to state that he complained of the defendant, for that whereas the defendant, before and at the time of the committing of the grievances, as next hereinafter mentioned, *held* and enjoyed the said above mentioned dwelling house, farm and garden, with the appurtenances, situate as aforesaid, *as tenant thereof* to him : yet the said John Carris, contriving and wrongfully and unjustly intending to injure, prejudice and aggrieve him, (Ebenezer Ingalls, the plaintiff.) *in his reversionary interest and estate* of, in and to the said dwelling house, farm and garden, with the appurtenances, whilst the same were in the possession of the said John Carris *as tenant thereof,* to him the said Ebenezer Ingalls as aforesaid to wit, on the first day of May, 1828, and on divers other days and times between that day and the day of exhibiting this bill, (which was filed as of *October* term, 1820,) at, &c. felled, &c. divers trees, to wit, 100 beach trees, 100 maple trees, &c. of great value, to wit, of the value of $100, standing, growing and being upon the said farm, and took and carried away the same, and converted and disposed thereof to his own use. The plaintiff also

charged the defendant with removing a large quantity of manure from off the premises, and converting and disposing thereof to his own use, instead of spreading and employing the same on the premises. He also charged him with not managing and cultivating the premises in a good and husbandlike manner: that he omitted to seed the same with grass seed; that he over-cropped the land, omitted to make necessary repairs, and suffered the premises to be in an untenantable condition for want of such repairs; and that on the first day of April, 1830, he yielded up the premises in an untenantable condition. By means of which several grievances, the plaintiff alleged that he was greatly injured in his reversionary estate and interest in the premises, and had sustained damages to the amount of $240, wherefore he brought his suit. The defendant pleaded *non cul.* The cause was tried by a jury, who said that the defendant was guilty *in modo et forma,* as the plaintiff had complained against him, and assessed the damages of the plaintiff at *twenty-five dollars* over and above his costs, &c. The plaintiff suggested that the defendant had quit possession of the premises wasted, and prayed judgment for *treble damages.* A judgment was entered upon the record that the plaintiff recover against the defendant " treble the damages, and also the costs and charges by the jurors aforesaid in form aforesaid assessed; and also thirty-three dollars and sixty-seven cents for his costs and charges by the court, now here adjudged of increase to the said Ebenezer Ingalls, and with his assent ;" which said damages, &c. in the whole, amount to $108,73, and the said defendant in mercy, &c.

*I. L. Wendell,* for plaintiff in error.

*I. C. Spencer,* for defendant in error.

*By the Court,* NELSON, J. It is said the record is defective because neither the summons nor the declaration recites or refers to the statute, (2 R. S. 334, § 1,) upon which this action is founded.

NEW-YORK,
May, 1834.

Carris
v.
Ingalls.

It is true, as contended by the counsel for the plaintiff in error, the action of waste against a tenant for life or years was first given to the owner of the inheritance by the statute of Marlbridge, of which our statute is a copy; but I do not think it necessarily follows from this that the summons or declaration should refer to it. Instances are numerous in the books, where actions well known at common law have been applied to new cases by statute, and where, from every day's practice, we know it is not material to refer in the declaration to the statute. It is but the extension of an existing remedy from necessity—a convenience for the security of private rights, where the forms and modes of proceeding have been long settled, and are not required to be essentially varied. It being a public statute, the courts are bound to take judicial notice of it, the same as they would of a principle of the common law in regard to any particular case. It is well settled, for the above reason, that a public statute need not be recited or referred to in pleading; and all that seems to be material is, that enough be stated to bring the case within it. 6 Bacon's Abr. tit. Statute, 398. It is laid down by the same author, and the distinction seems to be sound and well supported, that if a statute gives a *new action*, it must be recited in the writ or declaration; but it is not necessary to do so if an action at common law be given to a *new case*. An action of trespass by an executor *de bonis asportatis in vita testatoris* is given as an illustration of the above distinction, and many others will occur to the recollection of every professional man, without referring to them. Idem, 396. Willes, 310. Cro. Eliz. 236. An action could not be sustained by an endorsee upon a promissory note, were it not for the statute of *Ann ;* yet it is unnecessary to refer to it in counting upon the note. Chitty on Bills, 352. There may be ground for a distinction in actions wholly penal, though that is not a clear point.

The action of waste at common law could only be brought "by him that hath the immediate estate of inheritance." Co. Litt. 53, a. 3 Bl. Com. 227. See 13 Johns. R. 260, 11 id. 422, 1 Cruise, 70, § 40, 2 Saund. 252, a. n. 7. Our statute, 1 R. S. 750, § 8, 1 R. L. 527, has altered the law so far as to permit "a person seised of an estate in remainder or reversion,"

to maintain this action for an injury done to the *inheritance*, notwithstanding an intervening estate for life or years.

It is also perfectly settled that the plaintiff must set forth in the declaration how and in what manner he is entitled to the inheritance; thus, if he declares upon a lease made to the defendant by himself, he must allege a seisin in fee or in tail in himself; or if upon a lease made by the ancestor, he must state the seisin in fee of the ancestor, the demise to the defendant, and a descent to the plaintiff. *Green* v. *Cole,* 2 Saund. 235, 6, n. 2, and cases there cited. We have been referred to the case of *Astor* v. *Whitehall,* Cro. Eliz. 57, to show that the omission to set out the estate of the plaintiff would be cured after verdict. The report of that case is very obscure, and it is difficult to understand precisely the opinion of the judges upon the point, except that nothing was definitively determined. It would seem that two of the judges were of opinion that no title need be set forth in the declaration, which is against the whole current of authority. Serjeant Williams in the above note, says, it was in that case held by two judges, against the opinion of the other two, that the words " to the disinheriting," in the declaration, cured the want of stating the quantity of the estate of which the plaintiff was seised—but he obviously questions the soundness of the opinion ; and even the opinion of those two judges will not help the plaintiff here as these words are not found in the declaration in this case. In *replevin* the defendant is bound in his avowry, to set forth his title and the estate of which he is seised, to shew the authority under which he claims to exert the extraordinary power of distress, *Harrison* v. *McIntosh,* 1 Johns. R. 380, and *Bain* v. *Clark,* 10 id. 424, and the omission to do so is not cured by verdict. Idem. This case falls strictly within the principle upon which *Bain* v. *Clark* was determined. The title, and the only one that can give to the plaintiff this remedy is wholly defective ; and there is no foundation for the presumption that it was proved and established by the verdict of the jury. It is not a title defectively set forth ; for the plaintiff has not undertaken to set out any title within the meaning of the rule in this action. He has no doubt been

misled by the precedents in 2 Chitty, 344, 5, which are appropriate only in *an action on the case in the nature of waste*, in which it is not necessary to set forth the title of the plaintiff, as in the action of waste. 2 Saund. 252, c. n. 7. This action is penal in its operation and effect, and the plaintiff should be held strictly to the principles which govern it. This point being decisive against the defendant, it is unimportant to examine any other questions raised on the argument.

Judgment reversed.