## THADDEUS FOOT & another *vs.* ABIGAIL DICKINSON.

After a tenant in dower has assigned her estate, she is not liable to the assignee of the reversion for waste committed by her assignee, either in an action of waste or in an action on the case in the nature of waste.

In an action by the assignee of the reversion against a tenant in dower for waste committed by her assignee, actual possession by her assignee is sufficient evidence of the assignment to him, although the deed of assignment is not recorded until after the action is commenced.

THIS was an action on the case in the nature of waste. At the trial before *Dewey*, J. it appeared that dower was assigned to the defendant in the estate of Richard Dickinson, her deceased husband, and that she conveyed the estate, which she held as tenant in dower, to John Mills, who demised the same to one Byington, who committed the waste : That the deed of the defendant, conveying her said estate to Mills, was not recorded until after this action was commenced ; but that actual occupation and possession followed the deed : That the plaintiffs purchased the reversion expectant on the determination of the defendant's life estate, at a sale thereof made by the executor of the will of said Richard Dickinson, under a power conferred by said will. There was no evidence that the plaintiffs had actual knowledge of the deed given to Mills by the defendant.

The case was taken from the jury, under an agreement of the parties, that the plaintiffs should become nonsuit, or the defendant be defaulted, according to the opinion of the court as to the defendant's liability to this action on the foregoing facts. It was also agreed that if it should be material to the defence, that the defendant should prove that the plaintiffs had notice of the deed given to Mills by the defendant, a new trial should be had for the purpose of giving the defendant an opportunity to introduce evidence as to that fact.

*Boise & Wells*, for the plaintiffs.

*W. G. Bates*, for the defendant.

DEWEY, J.   This is an action on the case in the nature of waste, brought against a tenant in dower who had, before the commission of the acts complained of, conveyed all her interes

to a third person by whose lessee the acts were done which con stitute the alleged waste ; and the question presented is, whether there be such a privity between the parties to the suit as will entitle the plaintiff to maintain this action.

It seems quite clear, that if a tenant in dower assign her es tate to a third person who commits waste, the heir may maintain an action against *her* for such waste, on account of the privity between them. Com. Dig. Wast, C. 4. Bac. Ab. Waste, H. But if the tenant in dower assign her estate, and the heir also grant his reversion, either before or after the assignment, the grantee shall have waste against the *assignee* for waste afterwards committed ; for the privity is gone. Co. Lit. 54 *a.* Com. Dig. & Bac. Ab. *ubi sup. Bates* v. *Shraeder*, 13 Johns. 263. Park, in his Treatise on Dower, pp. 359, 360, holds the same doctrine.

The weight of these authorities, uniform as they are, would seem fully to settle the point against the right of an assignee of the heir to maintain the technical action of waste against a tenant in dower, who had also assigned her interest.

It was suggested by the counsel for the plaintiff, that this principle is restricted to an action of waste, and ought not to be applied to an action on the case in the nature of waste. But we do not perceive any reason for the distinction, or that will authorize the sustaining of an action in the present form against a tenant in dower who has conveyed all her interest in the premises, if she would not be liable in an action of waste. Here the plaintiffs merely seek a compensation in damages ; and it seems more reasonable that they should resort to the actual wrong-doer, than to seek recompense from the tenant in dower, where the privity of estate is really destroyed.

We think also, that upon the facts stated in the case, showing an actual occupation of the premises by the party holding under the conveyance from the tenant in dower, the evidence of such transfer by the tenant in dower was sufficient, although the deed was not recorded until after the institution of the present action

*Plaintiffs nonsuit.*