RUTHERFORD v. AIKEN, appellant.*

*Waste — against whom action maintainable — right of action for, assignable — treble damages.*

In an action for waste by the assignee of the reversioner against the sub-tenant of the tenant for life, *held* (1) that an action for waste was maintainable under 2 R. S. 334, § 1, against the sub-tenant, and (2) that the cause of action was one that would survive to the personal representatives of the reversioner and was assignable.

The waste was committed without malice and under the belief on the part of the defendant that he had a right to do the acts constituting it. *Held* that this did not affect the right of plaintiff to treble damages.

APPEAL from a judgment in favor of plaintiff entered upon the report of a referee. The action was brought to recover treble damages for waste committed upon lands situated in St. Lawrence county.

The plaintiff, John Rutherford, was the grantee of the reversioner, and the defendant, David Aiken, the assignee of the tenant for life.

The alleged waste was committed before the plaintiff had acquired title, but the right of action was duly assigned to the plaintiff before suit brought.

The case was referred and the referee found that the defendant had cut a number of growing trees upon the lands in question, which constituted the waste complained of, but that in so doing he did not act maliciously, but upon the supposition that he had a right to cut said trees for his necessary fuel upon said premises. The referee reported in favor of the plaintiff for $62 damages, which he trebled. Exceptions were duly taken to his findings and to various decisions of the referee upon the trial. A judgment was entered upon his report and the defendant appealed to the general term of the supreme court.

*Myers & Morris,* for appellant.

*Edwin C. James,* for respondent.

MILLER. P. J. The findings of the referee upon the facts were, I think, sufficient to sustain the conclusions at which he arrived.

---

* The case of *Rutherford* v. *Aiken,* reported in Vol. 2, at page 281, was between the same parties for alleged waste of the same character, upon the same premises, but was for acts committed since the cause of action in the above case arose.

The conclusion, that the defendant's cutting of green trees for fuel was waste, was a necessary result of the facts previously found, that such trees had been cut while there were dead standing timber and down wood from which the fuel might have been obtained. Perhaps it may be said, that the finding of fact, that by reason of the cutting of growing trees and not taking care of the wood and timber lot, the farm was damaged and depreciated, is a conclusion, instead of a fact; but this is not material, so long as it appears from the findings of fact that the conclusions of law are warranted by the facts found as a whole.

It is manifest from the findings of fact, that green trees were cut for fuel while other timber could have been used for that purpose without any injury to the inheritance, and it may well follow as a conclusion of law, from the character of the trees which were cut, as well as the timber which could have been used for fuel, that good husbandry demanded that the defendant should not have cut the green trees, and that such cutting was waste.

Whether the down wood was suitable for timber, or of such a nature as to belong to the reversion, were questions of fact for the referee to determine from the evidence, and as the committing of waste depends upon facts proved, it was not necessary for the referee to find as a fact that the cutting of the trees was waste.

There was, I think, no error in the decision of the referee, that the plaintiff, as the grantee of the reversioner, was entitled to maintain an action for waste against the assignee or sub-tenant of the life tenant. The action for waste against the assigns of a tenant for life is expressly given by the Revised Statutes (2 R. S. 334, § 1). In *Van Deusen* v. *Young*, 29 N. Y. 9–33, it was held, that reversioners were entitled to maintain an action for an injury to their reversionary interest against a defendant clothed with the right of a tenant, although the tenant was still living.

In *Robinson* v. *Kinne*, 1 N. Y. Sup. 60, an action was upheld by the remainderman against the grantee of the tenant in dower. These authorities and the statute cited are decisive of the question, and the cases which are relied upon to establish a different rule were decided before the statute cited was in force. *Bates* v. *Shraeder*, 13 Johns. 260; *Livingston* v. *Haywood*, 11 id. 430.

I am also of the opinion that the assignment of Watson to the plaintiff was a valid transfer to the plaintiff of all rights of action for injuries to the land before giving of the deed. The rule is, that

all causes of action which survive to the personal representatives of the party injured may be transferred by such party and an action maintained thereon by the assignee. *Zabriskie* v. *Smith*, 13 N. Y. 322; *Haight* v. *Hayt*, 19 id. 467–474; *Graves* v. *Spier*, 58 Barb. 359, 384, 386; *Fried* v. *N. Y. C. R. R. Co.*, 25 How. 285; *Johnston* v. *Bennett*, 5 Abb. (N. S.) 331.

The Revised Statutes (2 R. S. 448, § 1) provide, that for wrongs done to the property, etc., for which an action may be maintained against a wrong-doer, such action shall survive to the personal representatives of the party injured. Executors and administrators may also maintain actions for trespass committed on real estate of the deceased in his life-time. 2 R. S. 114, § 4. A waste is a wrong done to the property, and as executors and administrators may sue for an injury which has been done prior to the death of the owner, to his real estate, which partakes of the character of waste, I am unable to discover any good reason why an action for waste does not survive and within some of the cases cited is not assignable.

The cases of *Robinson* v. *Wheeler*, and *White* v. *Wheeler*, 25 N. Y. 252, 253, cited by the defendant's counsel, have not, I think, any application to the question now considered. While there is good reason for the rule that the grantee of the reversioner cannot maintain waste for acts committed before he received the deed and had any title whatever, this doctrine in no way affects the right of an assignee to whom the cause of action has been assigned. The grantee has no transfer of a right of action which accrued before the conveyance to him, while the assignee has a complete title to the same under his assignment.

The referee was right in holding that the plaintiff was entitled to recover treble damages. The statute provides for the recovery of treble damages in actions of waste (2 R. S. 335, § 10), and in *Robinson* v. *Kinne*, 1 N. Y. Sup. 60, it was held, that the defendant was not excused from treble damages because he had good reason to believe that the land was his own. In *Van Deusen* v. *Young, supra*, the remarks of the learned judge as to treble damages evidently referred to the statute in regard to trespass (1 R. S. 338, § 1), and this was the form of the action there.

The remaining questions in the case relate to the admission and rejection of evidence offered upon the trial. While some of the objections made are not tenable, I am inclined to think that there was error in some of the rulings in this respect.

The referee very properly, I apprehend, allowed evidence upon the trial to prove the value of the trees cut and also to show the difference in the value of the farm with the trees on and with them off. I am not prepared to say that he was wrong in the admission of any of this evidence, as all of it bore upon the question as to the amount of damages, and so long as he did not find for the value of the trees and only for the injury to the inheritance, there is no ground of complaint, and as a part of the same species of evidence, it was competent to prove what portion of the bass-wood cut was suitable for bolts. And as bearing upon the question of value and to reduce the amount of damages claimed, I think it was competent for the defendant to ask the question put to the plaintiff, one of the witnesses, "How much was that" (the wood cut) "worth a cord standing upon the land?" and that the referee erred in rejecting the evidence. This testimony was also proper as a cross-examination of the plaintiff, who, on his direct examination, had testified to the value of the trees cut, and to test his knowledge and judgment upon that subject. So also the question put to one of the witnesses of the plaintiff upon his cross-examination by the defendant's counsel, "Do you know what green fire-wood is worth in that neighborhood per cord?" was competent and improperly excluded. This witness had testified to the value of the trees cut, and I think that the defendant should have been permitted to show what the wood was worth a cord, or test his knowledge by a question of the character indicated. It is no answer to say, that the defendant afterward proved the value of the wood cut by other witnesses; for if it was competent he had clearly a right to show it by the plaintiff's witnesses as well as his own, and at least to test their knowledge on the subject. The question put, "What were the trees worth at the time and place where they were cut?" should have been admitted. The same question substantially had been allowed by the referee to be asked by the plaintiff's counsel under defendant's objection. It is claimed it was answered after it was excluded and an exception taken. The answer, which is said to be responsive, was "By being worth a dollar each in time, I meant twenty years' time," appears to have been an explanation of the testimony of the witness on his direct examination, to the effect that he thought if they were sound and thrifty they would be worth one dollar each in time. This clearly was not an answer to the question asked, which related to the *time and place where* the trees were cut. In view of the fact

that the question was excluded and the objection to it in no way withdrawn after the referee had held it to be valid, there is no ground for claiming that an answer which did not cover it was in any way responsive.

The errors stated are of a vital character and cannot be obviated. The judgment of the referee must be reversed and a new trial granted, with costs to abide the event.

*Judgment rerersed and new trial granted.*