DELMAR FIRMIN, RESPONDENT, v. JAMES FIRMIN, APPELLANT.

*Trespass — cutting and carrying away logs — Damages — determined by the value of the logs as they lay upon the land.*

In an action brought to recover the damages, sustained by defendant's wrongful act in cutting and carrying away logs from the land of the plaintiff, the latter is entitled to recover the value of the logs as they lay upon the land, and he is not restricted to the value of the trees as they stood.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover damages sustained in consequence of the wrongful act of the defendant, in cutting and carrying away certain logs and trees from the lands of the plaintiff.

*Edwin Countryman,* for the appellant.

*S. S. Morgan,* for the respondent.

*Per Curiam:*

The only question made on the appeal is, whether the referee was right in giving the plaintiff, as damages, the value of the logs as they lay on the plaintiff's land after they had been cut. The

defendant insists that the plaintiff could recover only the value of the trees as they stood.

We think the referee was right. The case of *Skinner* v. *Wheeler* (5 N. Y. S. C., 709) decides nothing on this point. The case of *Stanton* v. *Pritchard* (11 S. C. N. Y., 266) did not involve the question here made. That was an action for trespass in cutting down timber. The land was wood land; the timber cut principally hemlock. The plaintiff recovered and the judgment was affirmed. The court, among other things, had charged that the defendant was liable for the value of any timber that he carried away, although he did not cut it down. The defendant offered to show the value of the lot before, and the value after the trespass was committed, and claimed the difference to be the rule of damages. The court excluded this evidence. That decision, therefore, does not conflict with the referee's rule of damages in this case.

Nor does the case of *Van Deusen* v. *Young* (29 N. Y., 9) conflict with this rule.

When the defendant had cut down the plaintiff's trees and had cut them into logs, the ownership was still in the plaintiff. (*Church* v. *Lee*, 5 Johns., 348.) Even though that trespass was not willful, yet there was not such a change of material as to make the logs the property of the defendant. (*Silsbury* v. *McCoon*, 3 N. Y., 379, and authorities there cited.) And, therefore, when the defendant took the logs away from the plaintiff's land he was liable for their value, such as it was at the time and place of such taking. The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed, with costs.