(11 Misc. Rep. 120.)

### DONALD v. ELLIOTT.

(Circuit Court, Westchester County. January, 1895.)

1. WASTE—WHEN LIES—ASSIGNEE OF TENANT.

Under Code Civ. Proc. § 1651, providing that "an action for waste lies against a tenant * * * for life or for years, or the assignee of such a tenant, who during his estate or term commits waste, * * * or against such a tenant, who lets or grants his estate, and, still retaining possession thereof, commits waste," an action will not lie against the lessee for waste committed by the assignee of the lessee.

2. LEASE—BREACH OF COVENANT—EFFECT OF ASSIGNMENT.

An action for breach of a covenant against waste contained in a lease will lie against the lessee for waste committed by the assignee of the lease.

Action by Peter Donald against Thomas Elliott for breach of a covenant against waste. There was a verdict in favor of plaintiff, and he now moves for a judgment for treble the amount thereof, while defendant moves to set the verdict aside on the ground that, conceding the waste, defendant is not liable therefor. Denied.

John H. Ferguson, for plaintiff.
William Riley, for defendant.

GAYNOR, J. The plaintiff let his farm to the defendant for a term of five years; the lease, in addition to the usual covenant against waste, containing a covenant that no wood should be cut down by the tenant. It contained no provision against subletting or assigning. This lease was extended three times, namely, for three years, then for one year, and again for one year. The complaint is, in so many words, that the defendant, in violation of the covenants contained in the said lease, did negligently suffer waste to be committed upon the said land, in that he suffered certain specified trees to be cut down and carried away, three barn doors to be torn off, the barn floor to be torn up, and the chicken house to be

pulled down, whereby the said land was damaged in the sum specified; and judgment for treble damages is prayed for, in accordance with the statute against waste (Code Civ. Proc. § 1655). The plaintiff had a verdict, and now moves for judgment for treble the amount thereof, while the defendant moves to set the verdict aside, on the ground that, conceding the waste, the defendant is not liable therefor; the proof being that the same was committed, not by him, but by his assignee of the last four months of the term, after he had delivered exclusive possession to him.

If the action must be considered one for waste, as the plaintiff's counsel insists, I think the verdict must be set aside. The action could not be maintained under the common law, for the action for damages for waste did not lie at common law against a tenant for years. Blackstone says (2 Comm. 283) that, "in our ancient common law, * * * waste was not punishable in any tenant, save only in three persons,—guardian in chivalry, tenant in dower, and tenant by the curtesy,—and not in tenant for life or years. And the reason of the diversity was that the estate of the three former was created by the act of the law itself, which therefore gave a remedy against them; but tenant for life or for years came in by the demise and lease of the owner of the fee, and therefore he might have provided against the committing of waste by his lessee, and if he did not it was his own fault."

In the three specified cases, the relation being created by the law, the owner of the fee had no covenant to sue upon, and was therefore remediless, except as the law gave him a right of action; whereas, in leaseholds, the lessor could put covenants in the lease, for the breach of which he would have right of action. It has been denied that the common-law rule was thus restricted. 2 Reeve, Eng. Law, 73, 184. But it is uniformly so stated by commentators. Co. Litt. 54; Bac. Abr. tit. "Waste," H; Com. Dig. tit. "Waste"; 2 Bl. Comm. 283; 4 Kent, Comm. 79. But the statutes of Marlbridge (52 Hen. III. c. 23) and of Gloucester (6 Edw. I. c. 5) extended the action to all tenancies for life and for years; the former enacting that "farmers shall not make waste * * * without special license had by writing of covenant, making mention that they may do it; which thing if they do, and thereof be convicted, they shall yield full damage, and shall be punished by amerciament grievously"; and the latter enacting that "a man from henceforth shall have a writ of waste in the chancery against him that holdeth by law of England, or otherwise for term of life or for term of years, or a woman in dower. And he that shall be attainted of waste shall lose the thing that he has wasted, and, moreover, shall recompense thrice so much as the waste shall be taxed at." The penalty of treble damages, first introduced by this statute of Gloucester, survives with us. All tenants for life and for years, under tenancies created by lease or other act of the owner, being thus made liable to the action for waste, the same as tenants by act or operation of law, we need to inquire whether the right of action continued against them after assignment of the leasehold, for the waste of the assignee. The rule was that if tenants by the curtesy

or in dower "grant over their whole estate, and the grantee doth waste, yet the heir shall have an action of waste against them," but that "in all other cases the action of waste shall be brought against him that did the waste (for it is in the nature of a trespass), unless it be in the case of a ward," etc.  Co. Litt. 54.  The reason why the right of action in the heir for waste done by the grantee of the tenant in dower or by the curtesy was against such tenant, and not against the assignee, was put upon the ground of privity; but, if the heir also granted the reversion, such privity was lost, and his grantee had to sue the assignee of the tenant.  This subtle and arbitrary distinction in respect of tenancies in dower and by the curtesy long survived.  Bates v. Schraeder, 13 Johns. 260; 2 Kent, Comm. 131.  But it never had any application to tenancies created by the act of the owner of the fee, which is the case in hand. · "If tenant for life or for years assign his estate, waste lies against the assignee for waste done after the assignment."  Com. Dig. tit. "Waste," c. 4; Bac. Abr. tit. "Waste," H.  Though not there stated, this rule seemed to be recognized in Cook v. Transportation Co., 1 Denio, 103.

·   That the rule was as above stated, in respect of tenancies for years and for life created by act of the owner, appears conclusively from the later statute (11 Hen. VI. c. 5) against the abuse of such tenants letting and granting their estates nominally in order to escape liability for waste.  That statute, "because that  *   *   * the said tenants have oftentimes let and granted their estates *   *   *  to many persons to the intent that they, in the reversion, that is to say their lessors, their heirs or their assigns, might not have knowledge of their names, and after the said first tenants continually occupy the said lands and tenements, and thereof take the profits to their proper use, and in the said lands and tenements commit waste and destruction, to the disinheritance of them in the reversion," provided that they in the reversion, in such case, might maintain the writ of waste against such tenants, as though such nominal grant and lease by them had not been made.  If the action lay against the first tenant in every case, notwithstanding an assignment by him of his term, there was no need for this statute against sham or colorable assignments.  This same provision, with the provisions of the two earlier English statutes cited, may be traced through the statutes of this state (Laws N. Y. 1787, c. 6; 1 Rev. Laws, p. 62; 2 Rev. St. 334) down to their latest enactment in our Code of Practice, where one might well be least likely to look for provisions of substantive law (Code Civ. Proc. §§ 1651–1659). These provisions of the Code are the gist of the three English statutes, and their lineal successors in this state against waste, and of the rules thereunder, which have been cited above.  Section 1651 provides that "an action for waste lies against a tenant by the curtesy, in dower, for life or for years, or the assignee of such tenant, who during his estate or term, commits waste upon the real property held by him without a special and lawful written license so to do; or against such a tenant, who lets or grants his estate, and, still retaining possession thereof, commits waste with-

out a like license." Here we have the provisions of the statutes of Marlbridge, of Gloucester, and of 11 Hen. VI., defining those liable for waste, carefully summarized, and, in addition, the rule that in case the waste be committed by the assignee of the tenant, the action therefor lies against such assignee; and in this respect the former distinction in the case of tenants by the curtesy and in dower, above noticed, is abolished. It is contended that the provision for an action against the assignee of the tenant is permissive only, and does not prevent the action from being brought against the tenant; but whatever uncertainty there might be in this respect concerning the interpretation of this section of the Code is prevented by tracing, as has been done above, the evolution of the law of waste which this Code provision summarizes, and makes homogeneous.

It follows from the foregoing that the present action cannot be maintained as an action for waste, the waste having been committed, not by the defendant, but by his assignee of the remainder of the term. But the action may be upheld as one for damages for breach of the covenants of the lease, namely, the general covenant against waste, and the special one that no wood should be cut down. The defendant could not relieve himself of these covenants by transferring the leasehold. Bac. Abr. tit. "Covenant," E; Walton v. Cronly, 14 Wend. 64; House v. Burr, 24 Barb. 525. The motions for treble damages, and to set aside the verdict, are therefore each denied.