(119 App. Div. 925)

## HOOLIHAN v. HOOLIHAN.

(Supreme Court, Appellate Division, Third Department. May 24, 1907.)

TENANCY IN COMMON—ACTION FOR WASTE.

    Code Civ. Proc. § 1652, providing that, if one co-tenant commits waste, he shall be subject to an action at the suit of his co-tenant or tenants, and that, if the action be brought against a co-tenant, and plaintiff recovers, he shall be entitled to take judgment for treble the damages or for partition, authorizes an action against plaintiff's co-tenant for waste committed during the tenancy, after plaintiff's interest in the land has been extinguished.

Sewell and Chester, JJ., dissenting.

Appeal from Trial Term, Delaware County.

Action by Martha E. Hoolihan against William D. Hoolihan. Defendant appeals from a judgment in favor of plaintiff and from an order denying a motion for a new trial. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

C. L. Andrus, for appellant.

George A. Fisher, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

SEWELL, J. (dissenting). The only cause of action arising from the facts alleged in the complaint is that of waste. The proof shows that when the waste was committed the property was owned by the plaintiff and the six heirs of Lucretia B. Hoolihan, deceased, as tenants in common; that the plaintiff owned an undivided one-half, and the interest of each of the heirs, of which the defendant was one, was one-twelfth. It also appears that the property in question was sold under the foreclosure of a purchase-money mortgage in July, 1902, that it was purchased by the defendant, and from that time the plaintiff has not been in possession or had any interest therein. The question is therefore presented whether the law affords any remedy to one who was a co-tenant at the time the waste was committed, after his interest in the land has been extinguished.

The action of waste at common law could only be maintained "by him that has the immediate inheritance" (Bates v. Shraeder, 13 Johns. 260; Carris v. Ingalls, 12 Wend. 70), and one tenant in common was not liable to his co-tenant in an action of waste for the injury done to their common estate. Blackstone says (2 Com. 283):

"In our ancient common law * * * waste was not punishable in any tenant save only three persons: guardian in chivalry, tenant in dower, and tenant by the curtesy, and not in tenants for life or years."

This rule was altered by the Revised Statutes, so as to permit an heir or a person seised of an estate of remainder or reversion to maintain the action. It was also there provided that:

"If one joint tenant or tenant in common shall commit waste of the estate held in joint tenancy or in common, he shall be subject to an action of waste at the suit of his co-tenant or tenants." Rev. St. (2d Ed.) p. 334, pt. 3, c. 5, tit. 5, § 3.

And that:

"If the action be brought by a tenant in common or by a joint tenant against his co-tenant and the plaintiff recovers judgment therein, he shall be entitled, at his election, either to take judgment for treble the damages found by the jury, or have partition made of the premises so held in common or joint tenancy." Rev. St. (2d Ed.) p. 335, pt. 3, c. 5, tit. 5, § 11.

These provisions in respect of tenancies in common and joint tenancies were combined to form section 1656 of the Code, which is the only authority for this action. An examination of that section will show that the right of action is only given to a tenant in common or joint tenant against his co-tenant. The words "tenant in common" and "co-tenant" are here used in their strict technical sense, and signify one who has an existing estate as tenant in common at the time the action is brought. If the Legislature had intended to give the remedy to one who had parted with his estate, and without regard to the relation of the parties at the time of the commencement of the action, it would have said so in clear and explicit language, as it did in section 1652, where an heir or devisee is given an action for waste committed in the time of his ancestor or testator, as well as his own

time, and the grantor of a reversion is given an action for waste "committed before he aliened the same." This view of the statute is strengthened by the further provision that:

"If the plaintiff recovers therein, he is entitled, at his election, either to a final judgment for treble damages, as specified in the last section, or to have partition of the property, as prescribed in the next two sections [1637 and 1638]."

From these provisions it seems that the Legislature had in mind persons having a right to a partition of the property injured, and intended to restrict the action to them. They certainly do not warrant the conclusion that the atcion may be maintained by one not entitled to have partition of the premises alleged to have been wasted or injured by the defendant. The case of Robinson v. Wheeler, 25 N. Y. 252, is not decisive of the question presented, as claimed by the respondent. In that case the plaintiff was seised of the inheritance when the waste was committed and at the time of bringing the action, and the question was whether a reversioner could maintain an action after alienation of his estate for the injury done to the inheritance when he was so seised. It was held that he could by a divided court, and that right is now expressly given in section 1652. The question whether a tenant in common could maintain such an action after that particular relation and estate have ceased to exist was not involved or referred to in Robinson v. Wheeler.

The reason for not giving an action for waste to a tenant in common or joint tenant against a co-tenant after that relation has expired is obvious. A co-tenant out of possession may at any time enter into an equal enjoyment of the premises, or he may protect himself by a partition or by an injunction, and his neglect to do so may be regarded as an assent to the sole occupation and use of the other. However this may be, there seems to be no remedy after title is divested.

I am of the opinion that the plaintiff is not entitled to recover in this action.

CHESTER, J., concurs.