McAdam, Ch. J.
The only question presented by the demurrer is whether this court has jurisdiction to try a disputed question of title to real property, where such an issue arises in an ordinary common law action to recover back a deposit made on a contract for the purchase of realty, subsequently rescinded by the vendee on the ground that the-title of the vendor is defective. This incidental branch of jurisdiction has been vested in the court since 1875. The history of legislation on the subject is as follows:
In 1813 (2 Rev. L. p. 382, § 106) jurisdiction to try title was restrained, except in “ actions of trespass upon lands.” The inhibition was continued by the old Code (§§ 53, 54, 65). In 1875 the restriction was removed in express terms (L. 1875, c. 479, § 1), and has never been re-instated. The act of 1875 (supra) was repealed in 1877 (c. *189 417, p. 475, § 49), because the revision by the new Code rendered it no longer necessary. The legislature, by the new Code, re-enacted in comprehensive language the provisions of former laws in regard to jurisdiction (§ 315), and at the same time re-enacted the only limitations upon the jurisdiction conferred, and in the enumeration of disabilities it purposely omitted all reference to restrictions upon the power to try disputed questions of title (§ 316). In 1880 the legislature went further. It expressly repealed the restraining act of 1813 (L. 1880, p. 369, § 5), and in re-enacting section 54 of the old Code by making it section 2863 of the new, it made the disability to try title applicable to justice’s courts only, and in section 3347, carefully enumerated what sections of the new Code were to apply to the marine (now city) court, and in the enumeration intentionally omitted all reference to section 2863, which is in no manner applicable thereto. So that the jurisdiction of the city court, in ordinary common law actions, is neither divested nor impaired by the fact that the title to real property arises upon the pleadings, or is presented for adjudication.
It is a settled principle of law that where a judicial function is conferred or power given, “ everything necessary to make it effectual or to attain the end is implied ” (People v. Chapin, 7 State Rep. at p. 213), and when jurisdiction once lawfully attaches the power to make it effectual, is not stinted by the character of the issue presented in defense, but is plenary and ample for all judicial requirements.
It follows that there must be judgment for the plaintiff on the demurrer, with costs.