Barker, P. J.
By the record it appears that the title to real estate was put in issue by the pleadings, and that question was tried, and determined "in plaintiff’s favor. The complaint alleges that the plaintiff is rightly entitled to the immediate possession of a parcel of land under and by virtue of a written lease from the owner, naming him. These averments are denied by the answer. The right of possession was thus put in issue by the pleadings. Powers v. Conroy, 47 How. Pr. 84, and the cases there collated.
The county court had no jurisdiction to try the issue as to the right of the plaintiff to the possession of the real estate described; and so much of the judgment as relates to that issue is void, and affords no support for the award ■of costs in the plaintiff’s favor. Code Civil Proe. § 340. It does not appear from the papers presented that the question of jurisdiction was raised upon the trial, but consent of parties never confers jurisdiction. The defendants might be entitled to costs in their favor if the question of title to the premises was the only issue raised by the pleadings, and passed upon by the verdict and judgment. The action was to recover possession of personal property also; and the plaintiff’s title thereto, and the right of possession thereof, were ■estimated by the verdict. Under the provisions of section 3228, the plaintiff is entitled to recover costs to an amount equal to the value of all chattels as fixed by the verdict, together with damages awarded for their detention. On ■this appeal we do not consider the question whether the judgment follows the verdict or not, relative to the personal property; nor whether the value of the same, and the damages for defendants’ detention, are by the verdict separately assessed from the value of the use of the freehold estate. We only determine, in disposing of this appeal, that upon the verdict the defendants are not entitled to costs, and the plaintiff is entitled to costs not exceeding the value of the personal property, and the damages for defendants’ detention as ■fixed by the verdict.
Order appealed from reversed, and retaxation ordered, without costs of this appeal to either party. All concur.