### PURTON *v.* WATSON.

*(City Court of New York, General Term.*  November 23, 1888.)

1. WASTE—ALTERATION OF PREMISES—WAIVER—EVIDENCE.
   In an action against a lessee for waste by making alterations in the demised premises, where defendant covenanted to make no alterations without prior written permission, evidence that the alterations were approved, and rent afterwards paid, is admissible to show a waiver of the written permission.

2. SAME—TITLE IN PLAINTIFF—ESTOPPEL TO DENY.
   The lease estopped defendant to disprove the relation of landlord and tenant between the parties, whereby title in plaintiff was inferred, and it is immaterial that the complaint did not aver title in plaintiff.

3. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW—JURISDICTION OF CITY COURT—WASTE.
   The objection that the city court of New York could not try an action for waste under the Code will not be considered on appeal, where the point was not raised at the trial.

4. SAME—APPEALABLE ORDERS—ALLOWANCE OF TREBLE DAMAGES.
   An order giving treble the damages found by the jury, under Code Civil Proc. N. Y. § 1184, cannot be reviewed, unless specified in the notice of appeal, as provided by section 1301, relating to the review of intermediate orders.

Appeal from trial term.

This action, by Euphemia C. Purton against H. O. Watson, is prosecuted to recover damages for the defendant's acts destructively injurious to the premises by him held as a tenant of the plaintiff under a sealed lease for years.  The answer admitted the making of "alterations" by defendant in said premises, but was otherwise a general denial.  Upon this issue, on substantially uncontradicted evidence, the jury found in plaintiff's favor; the plaintiff's testimony proving the wrongs complained of in detail.  The position of the defendant and the evidence offered on his part were an attempt to justify his acts, and their consequences, by parol consents and waiver of estoppel on respondent's side; as also to show benefits conferred on the property by the "alterations" actually made.  This testimony was mostly excluded.  The premises had belonged to plaintiff's father, and she was his executrix when the lease was executed.  The complaint did not aver or show whether plaintiff was at all seized of the premises, or possessed thereof, or whether she was entitled to any interest in the inheritance.  The building was let to defendant to be used for the sale of bric-a-brac, furniture, and art decorations; and the defendant claimed that the alterations proved were by him made for properly fitting the premises for his use as a place of sale of bric-a-brac, furniture and art decorations.  No pre-existing written license for such alterations was adduced herein; and the court ruled, throughout the trial, that the defendant could not justify his wasteful written license, and that the suit was an action for waste.  After the verdict, the trial judge trebled it, on plaintiff's application, at an adjourned trial term.  Defendant's motion to set aside the verdict and grant a new trial was denied, and defendant appealed.

Argued before NEHRBAS and PITSHKE, JJ.

*Geo. M. Forster,* for appellant.   *J. D. & N. E. Kernan,* for respondent.

PITSHKE, J., (*after stating the facts.*)  An action for waste is a proceeding *ex delicto,* and lies for whatsoever does a lasting damage to the freehold or inheritance, either intrinsically injurious thereto in contemplation of law, or shown so to be by proofs for the jury, (*McGregor* v. *Brown,* 10 N. Y. 117,

118;) a special and sufficient license in writing, to commit the waste done,' being requisite to avoid such action of waste, and its consequences. Id. 119;. Code Civil Proc. § 1651. And it is not competent for the defendant to prove, by either a parol agreement or the evidence of witnesses, that the waste resulted in a benefit to the premises. *McGregor* v. *Brown, supra,* 117. At common law, no person could maintain the action who had not an estate of in-·heritance in him at the time when the waste was committed; for the damages were recoverable for the injury done to the inheritance, but then there could be no intervening estate outstanding if the suit was to be brought. *Robin-·son* v. *Wheeler,* 25 N. Y. 255, 256, 258. But our statute law goes further, and authorizes the maintenance of an action of waste, by one seized of any estate in remainder or reversion, notwithstanding any intervening estate for life or years; and it may be prosecuted against any tenant for life or years, and the assigns of either, and also against co-tenants and guardians. And such interest need not continue to exist in plaintiff at the commencement of the action. Id. 257, 259. The law now, therefore, is that a reversioner or remainder-man, whether such in fee, or for life or years, may, if his residu-·ary interest was wasted, bring either the real action of waste, or a suit for· trespass for single damages alone. Id. 259.· It is self-evident that in either controversy the plaintiff, to recover, must appear to be a party legally interested in the property damaged. See *Carris* v. *Ingalls,* 12 Wend. 73. The test of waste is the disherison of him in remainder or reversion as aforesaid, regardless of the amount of actual injury to the property done. *Livingston* v. *Reynolds,* 26 Wend. 122. The plaintiff must be one seized of some estate· of reversion or remainder. *Woodruff* v. *Cook,* 47 Barb. 305, 309. The in-·quiry, in an action for waste, is confined solely to the damage done to the inheritance, entirely irrespective of whether the property by the alleged waste·was to become more valuable, or less. *Van Deusen* v. *Young,* 29 N. Y. 9, 24, 28, 35; *Livingston* v. *Mott,* 2 Wend. 605. To entitle the plaintiff to a trebling of the damages found, the complaint must wholly be based upon the· statute. *Benton* v. *Dale,* 1 Cow. 160. Although, under the Code, the former· technical action of waste is abolished, (*Harder* v. *Harder,* 26 Barb. 409,) the · general provisions of the Revised Statutes, regarding such former suit of waste, remain in force, and apply to an action in the nature of waste brought under the Procedure Code, (*St. John* v. *Pierce,* 22 Barb. 362, 367; *Lang* v. *Wilbraham,* 2 Duer, 171.) If the present plaintiff were, in fact, interested. in the house and lot let to defendant, the latter, as tenant, would be neces-·sarily liable to a suit for waste in making extensive alterations, as herein shown, detrimental to the inheritance, though done under a power to make· alterations not to be injurious to the premises. *Agate* v. *Lowenbein,* 57 N. Y. 604, 607–610, collating the authorities on subject of waste. Whether · the defendant's acts caused injurious waste, in their effect upon the property, or were reasonably required for the enjoyment of the premises as the same were let, is not a question of law for the court, but entirely a mat-·ter of fact to be left to the jury. There are two kinds of actionable waste, namely, either "negligent waste," or "wanton and malicious waste." The·action for either kind is maintainable at once after its commission, and the · theory of the action is to compel the wrong-doer to make satisfaction, equiva-·lent to a restoration of the premises to their previous condition. *Agate* v.. *Lowenbein, supra,* 612, 613. The inquiry is as to the injury to the rever-·sion; and good faith on the tenant's part is no defense where the act, on general principles of law, amounted (as herein) to waste. Id. 614; *Robin-·son* v. *Kime,* 70 N. Y. 147, 151. A tenant has no right to exercise any act.. of ownership. He has merely the right of user, except as modified by special.. written agreement between him and the reversioner. 10 Bac. Abr. 434;: *Agate* v. *Lowenbein, supra,* 614, 615; *London* v. *Greyme,* Cro. Jac. 182;: *Samuel* v. *Johnson,* 1 Dyer, 65; *Cole* v. *Green,* 1 Lev. 309.

The court below substantially held herein that this cause was, upon the pleadings, for destroying inner partitions, and other affirmative acts of waste, beyond the license given in the lease in evidence, and not for a breach of the covenants of said lease to surrender the premises in the condition prescribed. The suit was all through tried as the technical one of waste, and not as merely an action of trespass, of which latter (as a cause requiring only a judgment for money) this court would have full jurisdiction, although incidentally the case involves a trial of the title to real estate.  *McCrea* v. *Jacobs*, 19 Abb. N. C. 188, 189.  Damages in trespass are, however, not recoverable by the present plaintiff, if only a naked lessor for another under the sealed lease herein, on which she alone could maintain any action, (*Schaefer* v. *Henkel*, 75 N. Y. 378,) without some proof of title in her at the alleged wrong-doing by defendant, she being then out of actual possesion, (*Gardner* v. *Heart*, 1 N. Y. 528. 529; *Stockwell* v. *Phelps*, 34 N. Y. 366; *Edwards* v. *Noyes*, 65 N. Y. 125, 126; *Tobias* v. *Cohn*, 36 N. Y. 364;) and in trespass, the complaint must (besides stating her title or alleging plaintiff's actual possession) also aver how the plaintiff's interest in the property was damaged, restricting the claim as lessor to that maintainable as reversioner.  *Rowland* v. *Fuller*, How. App. 636, 637.  Unless directly or presumptively interested in or actually possessed of the premises in question, this plaintiff could not insist that she sustained a damage recoverable by an action of trespass, any more than by a suit of waste.  An averment of injury to the property generally is not enough.  Id. Upon this point there was a failure of direct proof on the trial.  The old writ of waste was a real action; and in the action under our Code, brought (as herein) by any other individual than a joint tenant or tenant in common the judgment, if the injury to the estate in reversion was intentional, or such injury equals the value of the tenant's unexpired term, must be that the plaintiff recover the place wasted, by way of forfeiture, besides treble the damages found by the jury, (*Robinson* v. *Kinne*, 1 N. Y. Sup. Ct. 60; 2 Rev. St. 335, (346,) § 10; Code Civil Proc. § 1655;) and, where the suit for waste is instituted by a joint tenant or tenant in common, the court, properly having the case, may award immediate partition of the property, (2 Rev. St. 335, (346,) § 11; Code Civil Proc. § 1656.)  But this court could neither decree forfeiture nor partition; and hence title 1, c. 14, Code Civil Proc., must be deemed to be inapplicable to the city court of New York; and the suit of waste under sections 1651–1659 continues (like the old writ of waste) a real action, not intended for prosecution in this court.  Where the proceeding is brought by a lessor, a valuation of the tenant's estate is usually necessary to determine whether a judgment of forfeiture is appropriate under section 1655.  See *Kidd* v. *Dennison*, 6 Barb. 9, 18; *Harder* v. *Harder*, 26 Barb. 409; *Carris* v. *Ingalls*, 12 Wend. 70, 73.

A lessor's suit for waste, ordinarily involving a valuation and special judgment, as aforesaid, is, therefore, at its commencement, not an action wherein the complaint asks judgment for a sum of money only, or one to recover a chattel or chattels, or to foreclose a lien, nor is it to take a confession of judgment; which several cases embrace the whole jurisdiction of this court as regards subject-matter.  This want of jurisdiction of a case of waste under the Code is alike, whether the matter is malicious or mere negligent waste.  Forfeiture or partition is incidental to either kind of waste.  The "action for waste" in the Civil Procedure Code is separately classed, among actions relating to real property, in title 1 of chapter 14.  Under this title, a notice of *lis pendens* can be filed in waste, against the plaintiff's lessee, (section 1670,) so as to bind the latter's transferees; and the judgment in waste, if an award of a forfeiture or a partition has been obtained in the case, must specially direct the delivery of possession of the property to the person entitled thereto, (section 1675; and see section 1681.)  In considering the nature of this Code action for waste between lessor and lessee, as a real action *in rem*, the fact that the

lessee's term expired before the action is of no weight. It required in section 263, subd. 1, Code Civil Proc., the express words "for waste" to confer on the superior city courts jurisdiction in a case in the nature of waste; and hence, in the absence of any such express language in said Code with respect to this court, its jurisdiction in the "action for waste" under said Code cannot be made out by mere implication. Prior to such Code, this court had no jurisdiction of a cause in substance the former action of waste. So held in *Snyder* v. *Beyer*, 3 E. D. Smith, 235. And legislation was requisite, since said decision, to confer such jurisdiction on the city court; but none has been statutorily given since then. This court is by the Code a court of record, but it is such only for the purpose of fully exercising its powers, solely statutory. *Huff* v. *Knapp*, 5 N. Y. 69. It being a court of special and limited jurisdiction, its authority over the subject-matter is not assumed, until clearly made out and apparent. *Ford* v. *Babcock*, 1 Denio, 158, 159; *People* v. *Bradner*, 107 N. Y. 5, 13 N. E. Rep. 87; *Bank* v. *Judson*, 8 N. Y. 260; *Frees* v. *Ford*, 6 N. Y. 178, approved in 107 N. Y. 8, 13 N. E. Rep. 89. But, till the contrary is shown, all courts are presumed to have acted within its particular jurisdiction, and *prima facie* according to law, (*Hart* v. *Seixas*, 21 Wend. 48;) so that, where the statute requires express notice to parties defendant, yet (except the contrary is proved) it will be assumed that all persons concerned had due notice, (*Brown* v. *Wood*, 17 Mass. 72.) This rule applies also to inferior tribunals and magistrates that due service of the proper process will be presumed. *Hart* v. *Seixas*, 21 Wend. 51. The court below could not treat this cause as one for waste, if objected to on that ground, that such would affect realty interest of plaintiff, injured by or through defendant; and if the action, as triable, was not one of waste, the justice below properly ruled that a previous written license, as prescribed in said section 1651, would alone excuse the defendant's alterations, had the question been duly raised on the trial. Considering this action simply as a suit for trespass on the case contrary to the letting, the landlord's knowledge of the alterations and continued collection of rent for the altered premises might be regarded as a waiver against such landlord, and acceptance by her of the changes, (*Smith* v. *Rector*, 107 N. Y. 611, 619, 620, 14 N. E. Rep. 825,) and the conduct of the parties (if such as letters approving of the alterations, in connection with the fact of subsequent rent being paid) might therefore be shown, as a parol waiver of a prior written permission prescribed before alterations could be lawfully done, (*Long* v. *Stafford*, 103 N. Y. 283, 8 N. E. Rep. 522.) Evidence on these matters should have been admitted, if properly brought to the attention of the judge. The landlord's remedies *ex delicto* were waived by the continued taking of the rent, if cognizant of the state of affairs; and they are entirely gone then,—the acceptance of rent, with knowledge, working a reaffirmance or reissuance of the lease, (*Camp* v. *Pulver*, 5 Barb. 91, 97; *Conger* v. *Duryee*, 90 N. Y. 598–601;) for a condition once thus (directly or impliedly) waived is dispensed with forever, (*Murray* v. *Harway*, 56 N. Y. 337.) Proof accordingly, if properly adduced and allowed below, would so far have been a good defense herein.

The plaintiff's lease to defendant being under seal, only Mrs. Purton could sue on it; and any evidence to disprove the relation of landlord and tenant between plaintiff and defendant, and its inferring in Mrs. Purton title, would be incompetent on the defendant's part. *Schaefer* v. *Henkel*, 75 N. Y. 378. But for this direct estoppel by deed, so created solemnly between the parties to this suit by virtue of their said sealed document, barring all denial by defendant of the plaintiff's title in and to said premises as defendant's landlord, the foregoing reasons, hereinabove expressed, would seem to require a reversal of the judgment and orders appealed from herein. *Ellsworth* v. *Putnam*, 16 Barb. 568; *Hutchins* v. *Smith*, 63 Barb. 251. It must be here added that, if there was any error committed herein on the trial, in the manner of

proving the damages, the appellant has waived the right to raise the question by his omission to object when the evidence was introduced; for, if then apprised of any objectionable feature thereof by an objection from appellant, the respondent could have supplied or obviated the defect. This is a familiar rule. It was eminently proper for the court to fully instruct the jury as to what alterations of the demised premises constituted, legally speaking, acts of waste, treating the suit as based on violated covenants against waste. As the lease in evidence created between plaintiff and defendant the undeniable relation of landlord and tenant, with a landlord's title thereby implied in the plaintiff-lessor, no proof of title in her was requisite to be made herein under these circumstances, and the complaint should be deemed conformed to the evidence on this subject, also including the legal inferences on the contention that the complaint has no averment of title in plaintiff to the demised premises, as the existence of such title cannot be negatived by this defendant-lessee, no matter what the truth is; and accordingly title in the plaintiff was mutually assumed at the trial herein, and no question whatever was there raised as regards any failure to either allege or prove title in plaintiff, and the latter fact must be taken as mutually conceded. In that aspect, i. e., that the complaint should be considered conformed to the adduced evidence showing implied title in plaintiff as lessor, *Pope* v. *Manufacturing Co.*, 107 N. Y. 66, 13 N. E. Rep. 592, is not an authority applicable to this case. The motion for a nonsuit was, besides, not sufficiently specific to raise this point.

As regards the appellant's position now, on the appeal, that the court below could not try this cause as a suit under the Code for waste, it suffices to say that the point was not in any way raised on the trial, and the appellant is now, therefore, concluded on that point. Had he called attention to such a question, the point could have been duly ruled on and remedied by continuing the cause as one merely for unlawful trespass, and the trial then in that way would have decided the whole controversy between the plaintiff and defendant, and disposed of it, treating the complaint as conformed to the admission of lessor's title to the premises by the lease itself as executed. The appellant has properly had his day in court. No evidence, appropriately adduced, was rejected, and the exceptions to testimony admitted are without force. It follows that the judgment and the order denying new trial should be affirmed, with costs.

The order increasing the verdict was not appealable, except upon the appeal from said judgment. It is not in itself appealable being a trial term order, but can only be reviewed by being specified in the notice of appeal from the judgment. Code Civil Proc. §§ 1301-1316; *Cameron* v. *Insurance Co.*, 13 Jones & S. 628; *Uline* v. *Railroad Co.*, 79 N. Y. 175. The notice of appeal from the judgment herein does not specify or refer to said order increasing the verdict. It is hence not before us for consideration. The appeal taken from the said order, increasing the verdict herein, under Code, §§ 1184, 1651, 1655, must therefore be dismissed, with costs of that appeal.

NEHRBAS, J., concurred.