## QUINN *v.* WINTER.

*(City Court of New York, General Term.* May 2, 1889.)

COSTS—RIGHT TO—DISPUTED TITLE TO REALTY.

    Code Civil Proc. N. Y. § 3228, subd. 1, provides that the plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor in an action triable by a jury, in which a claim of title to real property arises upon the pleadings. In an action for a nuisance, plaintiff founded her right to recover on the ground that she was the "owner and possessor" of the realty. The defendant denied her ownership and possession. *Held,* that the question of disputed title was thereby raised, entitling plaintiff to costs upon recovering a general verdict, though awarding nominal damages.

Appeal from special term.

Action by Virginia J. Quinn against John Winter. From an order setting aside judgment in favor of the plaintiff, and awarding costs to defendant, plaintiff appeals. Code Civil Proc. § 3228, subd. 1, provides that the plaintiff is entitled to costs of course, upon the rendering of a final judgment in his favor in an action triable by jury, in which a claim of title to real property arises on the pleadings.

Argued before McADAM, C. J., and BROWNE and McGOWN, JJ

*H. W. Leonard* and *T. M. Tyng,* for appellant. *G. W. Blunt,* for respondent.

PER CURIAM. The test in determining whether the title to real property comes in question is to ascertain whether the plaintiff, in order to recover, must allege, and, if denied, prove, title to the freehold. (1) If the plaintiff claims the right to the possession of the land, solely because he is the legal owner of it in fee, which carries with it the right to the possession, then the title to land undoubtedly comes in question. (2) But there may be a right to the possession of land, independently of a claim of title to it. The litigation of the right of possession would not, in such a case, be a question of title. The plaintiff herein, under the complaint, founded her right to recover on the ground that she was the "owner and possessor" of the realty, and the possession was alleged as mere incident of the title to the land itself. It certainly did not allege a right to the possession independently of title to the realty. The defendant interposed an answer, in which he denied the ownership and possession of the plaintiff, and by this act disputed the title alleged by her. This plea required the plaintiff to prove title in the manner in which she had alleged it, and the question of disputed title was thereby effectually raised. The appeal-book demonstrates this fact more clearly than we have already stated it. (1) Upon the trial the complaint was amended by allowing the plaintiff to claim special damages to the freehold, to-wit, inability to let apartments in her property by reason of the defendant's acts. This damage could not accrue to one in actual possession, without title, but to the owner of the freehold, who, in consequence of the wrong, was unable to get tenants to enter and remain in actual possession. (2) The plaintiff upon the first trial distinctly stated that the question of title came in question, on which statement the trial judge directed a verdict for the defendant. Finding that this court had power to try the title, (*McCrea* v. *Jacobs,* 12 Civ. Proc. R. 321,) a new trial was ordered. (3) Upon the second trial the defendant's counsel insisted that the question of title came in question. The fact that counsel on both sides claimed that "title to real property" came in question is material only in this: that at the trial they regarded the controversy as one involving title to realty, and tried the issue accordingly. If there was no doubt as to the character of the issue, then there should be none now. At all events, we consider it plain that the question of title to real property arose, both on the pleadings and in the nature of the proofs at the trial, and the plaintiff, having recovered a verdict for six cents' damages, became entitled to full costs.

Code, § 3228, subd. 1. The verdict, though nominal, established two things: (1) The plaintiff's title as "owner and possessor;" (2) the defendant's wrong, which was in the nature of a continuous nuisance. The finding of the jury may perhaps be made the basis of seeking relief against the continuance of the injury, and in this sense be of importance to the parties in interest. The finding was in the form of a general verdict, which (though nominal in amount) makes it impossible for us to say that it was not for an injury to the freehold or to the possession, as a mere incident of the title to the realty. For these reasons the order appealed from must be reversed, with costs, and the plaintiff allowed to tax a full bill of costs on her recovery of six cents' damages.