---

### ALBANY BREWING CO. v. SMITH.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

1. RECEIVERS—TITLE TO ASSETS—ADVERSE CLAIMANTS—JURISDICTION OF COUNTY COURT.

A debtor assigned to his creditor a liquor-tax certificate. Thereafter a receiver, appointed for the debtor, having found the certificate in the debtor's possession, presented it to the treasurer for cancellation, whereupon the creditor brought suit for conversion of the certificate. *Held*, that there was no statute giving the county court jurisdiction to try the issue between the creditor and receiver as to the title to the certificate.

2. COURTS OF LIMITED JURISDICTION—CONSENT.

The receiver had no power to confer such jurisdiction upon the county court by consenting to a trial of the issue, since jurisdiction of subject-matter cannot be conferred by consent upon a court of limited jurisdiction.

Appeal from trial term, Albany county.

Action by the Albany Brewing Company against A. Page Smith, receiver, impleaded. From a judgment in favor of plaintiff, defendant appeals. Reversed.

In April, 1897, a liquor-tax certificate was issued to one Joseph Seeney, who thereupon assigned the same to this plaintiff as security for an indebtedness. Upon October 27, 1897, the defendant Smith was appointed receiver of the property of Seeney in proceedings supplementary to execution. This liquor-tax certificate, having been found in the possession of Seeney, was, upon the 1st day of November following, surrendered to defendant Barckley, as treasurer of Albany county, together with a petition in due form, for its cancellation, and the payment to him of the proper rebate. The treasurer thereupon gave to the receiver a receipt for the certificate, and a statement of the amount of rebate, and by whom payable, and sent to the state commissioner of excise, as he was by law required to do, a duplicate of the receipt, together with the certificate and petition for cancellation. Thereupon this action was brought against the said Barckley, as treasurer of Albany county, for a conversion of this certificate. Upon motion of the plaintiff the defendant Smith was thereafter made a party defendant, upon the allegation that he claimed to have some interest in the certificate, which interest, if any, arose subsequent to the plaintiff's interest. The action was brought to trial, and the plaintiff recovered a judgment for conversion against the said Barckley, which judgment was by this court reversed, and a new trial ordered. See 42 App. Div. 335, 59 N. Y. Supp. 65. Upon the new trial, upon motion of plaintiff, the complaint was dismissed against the defendant Barckley, and, against the defendant Smith's objection, the jury were directed to render a verdict that under the facts in this case, and as between the plaintiff and defendant, the receiver, "the plaintiff has an equitable claim upon the certificate in question and any rebate thereon, and that the receiver took such certificate subject to such claim." Thereupon a judgment was entered adjudging that the plaintiff have judgment, without costs, against the defendant Smith as receiver, etc.; "that the plaintiff has an equitable claim upon the certificate in question and any rebate thereon, and that such receiver took such certificate subject to such claim." From this judgment the defendant Smith, as receiver, has appealed to this court.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

Montignani, Mallory & Elmendorf, for appellants.

Robert W. Hardie, for respondent.

SMITH, J. This judgment must be reversed, as beyond the power of the county court to grant. The jurisdiction of that court is prescribed by statute. There is no statutory authority for a trial by the county court of the issue which was here tried between the plaintiff and defendant Smith, nor for the granting of any judgment upon such an issue. This want of jurisdiction is not cured by any proceeding on the part of the defendant Smith, as a defendant is powerless, even by consent, to confer jurisdiction of the subject-matter in litigation upon a court of limited jurisdiction. It becomes unnecessary, therefore, to examine the other objections discussed upon the briefs of counsel. The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event of the action.

Judgment reversed on the law and facts, and new trial granted, with costs to appellant to abide event. All concur.