SAMUEL ERTRACHTER, Plaintiff, *v.* LOCUST BUILDING COMPANY, BETA BUILDING CO., INC., et al., Defendants.

(County Court, Queens County, January, 1918.)

Jurisdiction — of County Courts to set aside certain transfers of real estate — fraud — receivers — accounting.

> The County Court has not jurisdiction, even by consent of the parties, of an action to set aside certain transfers of real estate alleged to have been made in fraud of creditors, where the plaintiff asks for the appointment of a receiver and for an accounting of moneys and the judgment sought will not affect all of the defendants in the same way.

ACTION to set aside certain transfers of real estate.

Herbert A. O'Brien, for plaintiff.

Austin & McKown, for defendant Beta Building Co., Inc.

SMITH, J.   The plaintiff in this action, a judgment creditor of the Locust Building Company, seeks to set aside certain transfers of real estate by the Locust Building Company alleged to have been made in fraud of creditors.   The plaintiff also asks for the appointment of a receiver and for an accounting of moneys. The relief prayed for by the plaintiff against the different defendants differs materially.   That is to say, the judgment sought would not affect all of the defendants in the same way.   In fact, it is difficult to see from the complaint how by one judgment it would be possible to determine all the issues.

The defendant Beta Building Co., Inc. demurred to the complaint on the ground that causes of action have been improperly united and by stipulation be-

tween the attorneys for the plaintiff and the attorneys for the defendant Beta Building Co., Inc. the matter was referred to me for decision upon the demurrer.

The action is purely an action in equity and before considering the question raised by the demurrer we must dispose of a very important question as to the jurisdiction of this court. The County Court is a court of limited jurisdiction and has no equity jurisdiction except such as is provided in special cases in the Code, that is to say, in an action to foreclose a mortgage or partition of real estate and then only where the equitable relief is incident to the foreclosure or partition of real estate. A determination of the issues raised by the complaint would involve the question of title to real estate. This court has no jurisdiction in actions to determine the title to real estate except where such questions arise as incident to a foreclosure or partition of real estate. *Wilkins v. Williams,* 3 N. Y. Supp. 897. The parties to this action cannot by consent confer jurisdiction of the subject matter in litigation upon the court, it being a court of limited jurisdiction. *Albany Brewing Co.* v. *Barckley,* 70 App. Div. 260.

Section 340 of the Code of Civil Procedure is very specific and clear in specifying the kind and character of actions of which the County Court has jurisdiction. I find no provision, however, in that section or elsewhere which authorizes this court to take jurisdiction of the subject matter of this action. It is therefore obvious that the court cannot pass upon the demurrer and must dismiss the complaint.

Judgment accordingly.