LENA MARCUS, Plaintiff, *v.* HENRY I. ROSNER and Others,
Defendants.

County Court, Kings County, October. 1922 (Received November, 1922).

Mortgages — foreclosure sale — rights of purchaser — restraining tenant
from removing electric light and plumbing fixtures pending determina-
tion of their ownership — power of court not limited to writ of assistance.

Under sections 67 and 69 of the Civil Practice Act the jurisdiction of a County Court
as to all matters connected with putting the purchaser on a foreclosure sale
into possession continues after the entry of the order confirming the sale, and is
not limited to the mere issuance and execution of a writ of assistance.

The tenant in a foreclosure suit never having moved to set aside the alleged proof
of service of process upon him contained in the judgment roll, submitted to an
arrangement under which he paid rent to the receiver.   Pending a motion by
the purchaser at the sale to restrain the tenant who was in possession from
removing from the premises certain electric light and plumbing fixtures, etc.,
the execution of a writ of assistance, the issuance of which the tenant did not
contest or move to vacate, was held in abeyance.   *Held*, that the tenant was
subject to such relief as it was within the jurisdictional power of the court to
grant.

It appearing that an agreement in writing made between the mortgagor and mort-
gagee at the time the mortgage loan was obtained, in which the mortgagor agreed
to install electric light fixtures, plumbing and hardwood floors, was signed by
the tenant as attorney for the mortgagor, and has a direct bearing upon the
intent of the tenant in subsequently installing the articles which he now seeks
to retain, a restraining order will issue upon the purchaser giving an under-
taking with sufficient surety, final disposition to be made following the hearing and
determination of the issue upon evidence to be taken before a referee, and pending
the giving of such security and the issuance of the orders granted hereon execu-
tion of the writ of assistance will be stayed.

MOTION by Hyman Agar, purchaser on foreclosure, to restrain
the tenant from removing certain fixtures.

*Jacob Goodman,* for purchaser.

*Furst, Schwartz & Schwager,* for defendant Burchard.

TAYLOR, J.   This is a motion by the purchaser of a house and
lot at foreclosure sale, to restrain the defendant Burchard, tenant
in possession, from removing from the mortgaged premises certain
electric light and plumbing fixtures, parquet and partitions.   A
writ of assistance has heretofore issued against said tenant, at the
instance of the purchaser, but execution thereof is held in abeyance
pending disposition of this application.   The purchaser submits
affidavits showing a threatened removal by the tenant of the fixtures
above mentioned.   The tenant seeks to justify the contemplated
disposition upon the ground that the fixtures were installed by
him during the period of his occupancy, and are still personal

property, title to which is retained by him. As a preliminary objection the tenant urges that the court is without jurisdiction to grant injunctive relief, for the reason that the suit has wholly terminated. There is no doubt as to the jurisdiction of the County Court to grant injunctive relief as an incident to mortgage foreclosure. Civ. Prac. Act, §§ 67, 69; *Ertrachter* v. *Locust Building Co.*, 102 Misc. Rep. 368; *Mead* v. *Langford*, 56 Hun, 279. I am of opinion that the jurisdiction of the court continues after entry of the confirmatory order, as to all matters connected with putting the purchaser into possession. That power is not limited to the mere issuance and execution of a writ of assistance. It extends to incidental injunctive relief, the purpose of which is to prevent nullification of the writ by demolition, removal or other form of waste, in connection with the improvements on the mortgaged property. The tenant also, but not as a preliminary objection, denies jurisdiction, upon the ground that he was not served, and has never appeared, in the foreclosure suit. It would be unwise to permit the proofs of service contained in the judgment roll to be collaterally impeached in this manner. The tenant has never moved to set aside the alleged service upon him, but on the contrary has submitted to an arrangement under which he has paid rent to a receiver in the foreclosure suit. Nor has he contested the issuance of, or moved to vacate, the writ of assistance. He is clearly under the jurisdiction of the court in this application, and subject to such relief as it is within the jurisdictional power of the court to grant. The tenant contended that the fixtures which he seeks to remove from the premises are such as retain their characteristics as personal property during continuation of a tenancy, when installed by a tenant. *McKeage* v. *Hanover Fire Insurance Co.*, 81 N. Y. 38; *Wahle-Phillips Co.* v. *Fitzgerald*, 225 id. 137; *Century Holding Co.* v. *Pathe Exchange, Inc.*, 200 App. Div. 62; *DeBevoise* v. *Maple Ave. Const. Co.*, 228 N. Y. 496. The purchaser contends that they constitute a part of the freehold, particularly as most of the fixtures were installed following an agreement made between mortgagor and mortgagee at the time the mortgage loan was obtained, under the terms of which the mortgagor agreed to install electric fixtures, plumbing and hardwood floors. Said agreement was in writing, and was signed by the tenant as attorney for the mortgagor. It has a direct bearing upon the intent of the tenant in subsequently installing the articles which he now seeks to remove and retain. There is no arbitrary standard whereby to determine, in all cases, what fixtures become realty and what retain their character as personalty. Each case depends upon its own facts. The question is largely one of intent, and may turn upon any one

or more of a variety of circumstances so extensive as to defy legal circumscription. It would be unfair to the disputants, and inimical to the safeguards which surround property rights, to determine the merits of the question here presented, on affidavits alone and without an opportunity for the cross-examination of witnesses. To thrust an adjudication upon the tenant under such circumstances would be to deprive him of possession and of the right to a determination, by due process of law, upon a trial of the issue. The rights of the purchaser, on the other hand, would be similarly impaired by an adjudication in favor of the tenant. A fair disposition of the present application would appear to be found in the issuance of a temporary injunction, final disposition to be made following the hearing and determination of the issue upon evidence to be taken before a referee. Such temporary restraining order will issue upon the purchaser giving an undertaking with sufficient sureties in the sum of $1,000. Either party may apply for an order of reference. Pending the giving of such security and issuance of the order, execution of the writ of assistance will be stayed.

Ordered accordingly.