Pasquale Lopiano, Plaintiff, *v.* New York Telephone Company, Defendant.

Supreme Court, Bronx County, April 15, 1931.

*Edward E. Bianco,* for the plaintiff.

*Charles T. Russell* [*Edward F. Snydstrup* of counsel], for the defendant.

HAMMER, J. Plaintiff seeks to tax costs, claiming as of right under subdivision 1 of section 1470 of the Civil Practice Act. The action was brought to recover the sum of $5,000 damages alleged to have been sustained by reason of the trespass of the defendant on plaintiff's real property. The complaint alleged that the plaintiff was the owner and entitled to the immediate possession of the premises and as to this allegation the defendant in its answer denied any knowledge or information sufficient to form a belief. Plaintiff obtained a verdict of $400 from a jury. The trial justice ordered that this verdict be set aside unless the plaintiff stipulate to reduce the same to $200, which the plaintiff did, and judgment was entered for this latter amount. Plaintiff attempted to tax a bill of costs and disbursements, and the defendant objecting thereto, the county clerk disallowed the taxation.

The action was commenced November 11, 1925, by service of process upon defendant's secretary in the borough of Manhattan. Section 1474 of the Civil Practice Act on that date, in so far as applicable, read as follows:

" The plaintiff shall recover no costs or disbursements: * * *

" 6. In an action brought in the supreme court, triable in the counties of Bronx and Queens, and in which the defendant is a resident of the county where the action is brought, which could have been brought, except for the amount claimed therein, in the county court of the counties of Bronx and Queens, unless he shall recover five hundred dollars or more."

Both parties at the time of the commencement of the action were residents of the county of Bronx, the plaintiff actually, and the defendant, " a domestic corporation * * * part of its plant or plants, shops, factories or offices, * * * is actually located within the county," jurisdictionally, under section 68 of the Civil Practice Act. Accordingly, the parties were within the jurisdiction of the County Court of the county of Bronx. From and after the 1st day of January, 1927, under article 6, section 11, of the Constitution, all the jurisdiction in all civil actions or proceedings vested in the County Court of Bronx county was withdrawn and vested in the City Court of the City of New York. On and after that date, under article 6, section 15, the City Court of the City of New York was continued and thereafter had the same jurisdiction as previously possessed in the counties of New York and Bronx and original jurisdiction concurrent with the Supreme

Court in actions for the recovery of money only in which the complaint demanded judgment for a sum not exceeding $3,000, and interest, and in actions of replevin, foreclosure of mechanics' liens and liens on personal property where the property involved did not exceed in value the sum of $3,000. All civil actions or proceedings pending on the 1st day of January, 1927, under the latter section were transferred from such County Court to the City Court of the City of New York for hearing and determination at terms held within such county, and for the purpose only of such hearing and determination and the enforcement of the judgments rendered thereon the City Court had and exercised the equity jurisdiction previously vested in such County Court, but not otherwise. Section 1474 in 1926 and thereafter and down to date, in so far as applicable, read as follows:

" Plaintiff shall recover no costs or disbursements:

" 1. In an action brought in the supreme court triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the city court of the city of New York, and in which the defendant shall have been served with process within the city of New York, unless he shall recover two thousand dollars or more."

In this action, although the recovery sought and obtained was for money damages, there was an issue of title to real property raised by the pleadings which required plaintiff to offer and establish by evidence on the trial proof of his title to the real property involved in the suit.

In *Taylor* v. *Wright* (36 App. Div. 568, at p. 571) it was said for the purpose of this section (3235) of the Code (now Civ. Prac. Act, § 1484): " It seems to me that whenever under the pleadings it becomes necessary for the plaintiff to prove, and he does upon the trial give evidence of title, it may be fairly said that such title came in question upon the trial."

In *Kelly* v. *New York & Manhattan Beach R. R. Co.* (81 N. Y. 233) it was said: " The complaint alleged title in the plaintiff, as well as possession, and both allegations were specifically put in issue by the answer. It is contended, however, that inasmuch as title in the defendant was not set up, but only a license from the plaintiff was alleged, and proof of possession in the plaintiff would have sufficed to maintain the action, the issue upon the question of title was immaterial. This position might be sound if the complaint claimed damages only for the entry and invasion of the plaintiff's possession, but such is not the case. It claims damages for injury to the freehold by the deposit of earth, sand, and rubbish

thereon. To entitle the plaintiff to recover for the injury to the freehold, it was necessary to allege and prove his title. The case is a close one, but we think the preponderance of the argument is in favor of the position of the General Term, that the question of title arose upon the pleadings, and a certificate that it arose upon the trial was consequently unnecessary to entitle the plaintiff to costs."

Since the subject-matter of this action involved an issue of title to real property the action could not have been brought in the Bronx County Court. That court was at that time a court of limited jurisdiction and had no jurisdiction to try such issue of title to real property. That court, on and after January 1, 1927, under article 6, section 11, of the Constitution, has exclusively criminal jurisdiction.

In *Wilkins* v. *Williams* (3 N. Y. Supp. 897; 49 Hun, 605), which was an appeal from the Cattaraugus County Court, it was said: "By the record it appears that the title to real estate was put in issue by the pleadings, and that question was tried and determined in the plaintiff's favor. * * * The county court had no jurisdiction to try the issue as to the right of the plaintiff to the possession of the real estate described; and so much of the judgment as relates to that issue is void, and affords no support for the award of costs in the plaintiff's favor. (Code Civil Proc. § 340.) It does not appear from the papers presented that the question of jurisdiction was raised upon the trial, but consent of parties never confers jurisdiction."

In *Ertrachter* v. *Locust Bldg. Co.* (102 Misc. 368, Queens County Court, 1918, opinion by SMITH, J.) it was said: "The County Court is a court of limited jurisdiction, * * *. A determination of the issues raised by the complaint would involve the question of title to real estate. This court has no jurisdiction in actions to determine the title to real estate, except where such questions arise as incident to a foreclosure or partition of real estate. (*Wilkins* v. *Williams*, 3 N. Y. Supp. 897.) The parties to this action cannot by consent confer jurisdiction of the subject matter of litigation upon the court, it being a court of limited jurisdiction. (*Albany Brewing Co.* v. *Barckley*, 70 App. Div. 260.)

"Section 340 of the Code of Civil Procedure is very specific and clear in specifying the kind and character of actions of which the County Court has jurisdiction. I find no provision, however, in that section or elsewhere which authorizes this court to take jurisdiction of the subject matter of this action."

The City Court of the City of New York, however, in November, 1925, did have and still has jurisdiction of an action

in trespass for money damages, although in such action an issue of title to real property was raised by the pleading and established by proof upon the trial.

In *Purton* v. *Watson* (2 N. Y. Supp. 661), decided by the General Term of the City Court, it was said (at p. 663): " The suit was all through tried as the technical one of waste, and not as merely an action of trespass, of which latter (as a cause requiring only a judgment for money) this court would have full jurisdiction, although incidentally the case involves a trial of the title to real estate. (*McCrea* v. *Jacobs*, 19 Abb. N. C. 188, 189.) "

And at page 665 it was said: " As regards the appellant's position now, on the appeal, that the court below could not try this cause as a suit under the Code for waste, it suffices to say that the point was not in any way raised on the trial, and the appellant is now, therefore, concluded on that point. Had he called attention to such a question, the point could have been duly ruled on and remedied by continuing the cause as one merely for unlawful trespass, and the trial then in that way would have decided the whole controversy between the plaintiff and defendant, and disposed of it, treating the complaint as conformed to the admission of lessor's title to the premises by the lease itself as executed."

In *McCrea* v. *Jacobs* (cited in *Purton* v. *Watson, supra*) it was held that jurisdiction of the City Court of New York, since the passage of Laws of 1875, chapter 479, section 1, in ordinary common-law actions, is neither divested nor impaired by the fact that the title to real property arises upon the pleadings and is presented for adjudication.

It was also pointed out that although in 1813 (2 R. L. p. 382, § 106) jurisdiction to try title was restrained, the statute specifically provided " except in ' actions of trespass upon lands.' "

In *Quinn* v. *Winter* (4 N. Y. Supp. 865) the question of jurisdiction, where the issue of title was raised by the pleadings and title established upon the trial, was considered and it was held that the City Court had jurisdiction.

Right to costs is governed by the statute in force at the time the right to costs accrues. (*Erie County* v. *Fridenberg*, [1916] 161 N. Y. Supp. 401; *Defendorf* v. *Defendorf*, [1899] 42 App. Div. 166; *Wheaton* v. *Newcombe*, [1886] 53 N. Y. Super. Ct. 178; *Balcom* v. *Terwilliger*, [1886] 42 Hun, 170; *Garling* v. *Ladd*, [1882] 27 id. 112.)

In the case at bar such right accrued by verdict in favor of the plaintiff on January 9, 1931.

Section 1474 of the Civil Practice Act limits the right of plaintiffs to the recovery of costs in all actions, referred to in section 1470, including subdivision 1 thereof, which could have been brought,

except for the amount involved, in the City Court. The act was passed to discourage plaintiffs from bringing such actions in the Supreme Court. For practical effect, to sustain this policy of the law any plaintiff bringing such action in the Supreme Court under the section is not entitled to costs unless the recovery is $2,000 or more.

In the case of *Miller* v. *Koven* (127 Misc. 85, opinion by PROSKAUER, J.) it was stated; " An analysis of sections 1470 to 1474 of the Civil Practice Act, however, shows that certain limitations are contained in sections 1471 to 1473, inclusive. Section 1474 specifies certain limitations arising out of the fact that the plaintiff unnecessarily sued in a higher court. It has been held that the limitations of section 1474 are over and above and in addition to those of section 1472. (*Parker* v. *City of New York*, 122 Misc. 660.) This also seems to be the logical effect of a dictum in *Herman* v. *Girvin* (8 App. Div. 418, 421). The policy of the law should be to discourage the bringing of actions in the Supreme Court which could be brought in other tribunals."

The sole question remaining to be determined is whether the instant action, commenced in November, 1925, could at that time have been brought in the City Court of the City of New York. That court had jurisdiction of an action against a domestic corporation, wherein the complaint demanded judgment for a sum of money only. (New York City Court Act, § 18, now § 16, formerly Code Civ. Proc. § 315.) The jurisdiction conferred was subject solely to the limitation that in an action wherein the complaint demanded judgment for a sum of money only, the sum for which judgment was rendered in favor of the plaintiff could not exceed $2,000, exclusive of interest and costs as taxed. It appears, then, that the City Court in November, 1925, had jurisdiction to try the question of title involved, the action being against a domestic corporation and in trespass for a sum of money only and the judgment rendered being for the sum of $200. The principal place of business of the defendant corporation, and at which process in this action was served, is in the borough of Manhattan, city of New York. The jurisdiction of the City Court extended over the territory within the city of New York as it existed and was constituted prior to the 1st day of January, 1898. (Greater New York Charter, § 1345.) Prior thereto, in addition to the borough of Manhattan and part of the borough of The Bronx, in 1895 (Laws of 1895, chap. 934), all that territory of the present borough and county of Bronx (except such part of the city of Yonkers annexed by Laws of 1917, chap. 664), not theretofore in, was annexed to and became part of the then city and county of New York. Such annexed territory under said act (Laws of 1895, chap. 934) there-

after, and, of course, on January 1, 1898, constituted a part of the city and county of New York subject to the same laws, ordinances, regulations, obligations and liabilities, and entitled to the same rights, privileges, franchises and immunities, in every respect and to the same extent as if such territory had been included within such city and county of New York at the time of the grant and adoption of the first charter and organization thereof, and so remained up to the passage of the act, and except as modified by the provisions therein contained, as if such territory had been included within the twenty-third ward of such city and county by the provisions of chapter 613 of the Laws of 1873 under which the towns of Morrisania, West Farms and Kingsbridge, in the county of Westchester, were annexed to the city and county of New York. (See *McCann* v. *Gerding*, 29 Misc. 283, 285.)

Both of the parties to this action at the time it was brought were residents within the territorial jurisdiction of the City Court and the real property involved was also situated within that territory.

The act under which the county of Bronx was erected of the territory then within the borough of The Bronx, preserved within that territory the jurisdiction of the City Court of the City of New York in the following language: " No provision of this act shall be construed as affecting within said county of Bronx the jurisdiction of the city court of the city of New York." (Laws of 1912, chap. 548.)

There has been no change in the general or territorial jurisdiction of the City Court other than those referred to above. Accordingly, since the plaintiff has brought an action in the Supreme Court, which could have been brought and determined in the City Court, he is not entitled to costs. Motion to direct the county clerk to tax costs is denied.