JOSEPH J. SCHMIDT, Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

CHRISTOPHER J. SCHMIDT, Plaintiff, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Schenectady County, July 12, 1939.

*Leary & Fullerton* [*F. J. Neddo* of counsel], for the plaintiffs.

*Farren, Herrick & Thacher* [*Charles J. Herrick* of counsel], for the defendant.

BERGAN, J. These are tort actions. Plaintiff Christopher J. Schmidt has obtained a verdict for $200 and Joseph J. Schmidt a verdict of $300. The actions were not consolidated. Plaintiffs have taxed a bill of costs in each action against defendant. The costs were retaxed by the clerk over objection of the defendant, which now moves in pursuance of Civil Practice Act, section 1536, for a review of the taxation upon the ground that plaintiffs are not entitled to costs in view of the amount recovered.

Defendant relies upon Civil Practice Act, section 1474, subdivision 6, which provides that in an action originally brought in the Supreme Court triable in the county of Schenectady "and in which the defendant is a resident of the county of. Schenectady which could have been brought except for the amount claimed therein in the County Court of Schenectady," the plaintiff shall recover no costs or disbursements unless he shall recover $500 or more. This subdivision must be read in connection with Civil Practice Act, section 68, which was re-enacted with an amendment not here pertinent by chapter 359 of the Laws of 1939. This section provides that "for the purpose of determining the jurisdiction of a County Court in either of the cases specified in the last section, a domestic corporation or joint-stock association * * * whose principal place of business or any part of its plant or plants, shops, factories or offices is actually located within the county * * * is deemed a resident of the county." The preceding section, 67, fixes the civil jurisdiction of County Courts generally. The intent of the Legislature is rather clearly implied, I think, that subdivision 6 of section 1474 and section 68 of the Civil Practice Act are to be integrated and read together.

Accordingly, the scheme of the statute indicates that in an instance where such "residence" exists in the county of Schenec-

tady sufficient to give its County Court jurisdiction in an action otherwise triable in that court, the plaintiff should not recover costs if the action were prosecuted in the Supreme Court and less than $500 recovered. The use of the words " resident of the County of Schenectady " by the Legislature relates to such residence in the light of the jurisdiction of the County Court to be acquired therefrom. The statement contained in defendant's affidavit upon retaxation of costs that the defendant Telephone Company owned and maintained " a large building for the transaction of its business as a telephone company in the City of Schenectady " and that it is a telephone company organized to carry on business as such in the county of Schenectady as well as elsewhere in the State is undenied. It is, therefore, a corporation having a plant actually located within the county of Schenectady within the scope of section 68 and for the purpose of determining the jurisdiction of the County Court of the county of Schenectady it must be deemed to have a residence in that county notwithstanding its principal place of business is located elsewhere. This being so, it is a " resident " of that county within the provisions of section 1474, subdivision 6.

Such a conclusion was indicated in the dictum of the Special Term in *Lopiano* v. *New York Telephone Co.* (139 Misc. 831). The court there considered the provisions of former subdivision 6 of section 1474 which in 1925 referred to the counties of Bronx and Queens, the language of which, insofar as pertinent, was identical with the present provisions of that subdivision relating to the county of Schenectady. The court indicated that the New York Telephone Company, although its principal place of business was not in the county of Bronx, was within the jurisdiction of the County Court of that county and maintained a residence within the county sufficiently to come within the provisions of section 1474. On other grounds, however, it was held that the County Court was without jurisdiction of the subject-matter of the action.

If, however, the provisions of these two sections are not to be deemed so inter-related and the provisions of section 68 were to be limited narrowly to the question of determining the jurisdiction of a County Court only, I think that it must be held that a public utility, and especially a telephone company, is, like a railroad company, to be deemed a resident of any county in which it carries on a telephone business. The reasons which lead to the rule that a railroad company is a resident of any county through which its line of railroad runs are fully applicable to telephone companies. (*People* v. *Fredericks*, 48 Barb. 173, 186, 187.) These reasons were later discussed by Presiding Justice PARKER of the Appellate Division, Third Department, in *Poland* v. *United Traction Co.*

(88 App. Div. 281, 283). " Although its principal office may be located in a specified county," he wrote, " the principal place of business of a railroad company can hardly be said to be located in any particular place. It owns property in, and operates its road through, many counties and there are various reasons why its place of residence should not be limited to the place where its main office is located." It is stated generally in this opinion that as to a corporation " other than a railroad company " its principal place of business is deemed its place of residence. While this rule has been reiterated in other cases relied upon by the plaintiffs, none of them dealt with a telephone company, and the exception relating to railroad companies, in harmony with the reasons underlying the rule of exception itself, must be extended to this defendant.

An order of retaxation may be submitted striking out the costs and disbursements taxed by plaintiff in each case.