William E. Brennan, Jr,., J.
This action was -brought to recover $4,166.67 on a cause of action for breach of contract and on a second cause of action for reasonable value of services. All parties resided or had a place of business in Nassau County when the action was commenced. Trial resulted in a decision dismissing the first cause of action and finding for the plaintiff on the second cause of action for $340 with interest from January 28,1957. Judgment was entered for $340 plus interest of $79 plus costs and disbursements taxed at $160.50.
The present application seeks to modify the judgment by striking the provision thus made for costs and disbursements. The motion is granted.
Section 1474 of the Civil Practice Act is a statute which defines certain cases in which costs may not be recovered. It has an opening clause which states, “ The plaintiff shall recover no costs or disbursements”, followed by eight specifications of cases in which costs are denied. It follows that if an action falls within any one of the eight groups the plaintiff has no right to costs or disbursements.
Subdivision 3 of section 1474 is effective to deny costs and disbursements: “In an action brought in the supreme court, triable in [Nassau County] * * * which could have been brought, except for the amount claimed therein, in the county court of [said] county * * * unless he shall recover five hundred dollars or more.”
This action could have been brought in the County Court (Civ. Prac. Act, § 67, subd. 3). It, therefore, falls within subdivision 3 of section 1474, and costs and disbursements are not recoverable. That it may also fall within the language of subdivision 8 does not avail the plaintiff. The plain language of the statute bars costs and disbursements in any of the specifically enumerated cases and this action is one of those so enumerated.
Plaintiff’s reliance on section 1472 of the Civil Practice Act (limiting costs unless plaintiff recovers $100 or more) is misplaced since the limitations imposed by section 1474 are over and above and in addition to those imposed by section 1472. (Lopiano v. New York Tel. Co., 139 Misc. 831, 836.) This determination accords with the basic policy of discouraging the bringing of actions in the Supreme Court which could be brought in other tribunals. (Recommendations to Deter the Bringing of Actions in Other Than Proper Inferior Courts, Seventh Annual Report of N. Y. Judicial Council, 1941, p. 279 et seq.) Settle order modifying judgment nunc pro tunc accordingly.