Liston F. Coon, J.
At issue here is a motion to remove this action from the deferred calendar of the Schuyler County Court and to restore it to the ready calendar (22 NYCRR 861.16). Defendant resists the application.
The action has a long procedural history which need not be detailed here. Suffice it to say the action was commenced in June of 1966 and was ultimately noted for the November 1968 Trial Term of the Supreme Court. Thereat it was removed to the County Court calendar by the Trial Justice. It appeared on the latter calendar for three trial terms but was never moved for trial despite ample opportunity to try the action and despite the court’s offer to hear same between terms, it being on the nonjury calendar.
On December 12, 1969, this court, by written order, and pursuant to the Uniform Rules for Trial and Special /Terms of the County Court in the Third Judicial Department transferred the case to the deferred calendar (22 NYCRR 1301.7).
No further action has been taken until now which, it is noted, is much beyond the one-year limitation (CPLR 3404; 22 NYCRR 861.17). Plaintiffs contend, however, that neither side ever intended to abandon the case and that the court has discretion to restore the case (Marco v. Sachs, 10 N Y 2d 542; Boyle v. Krebs & Schulz Motors, 18 A D 2d 1010).
Attached to the motion papers is a copy of plaintiffs’ complaint. For the first time the court has been advised of the basis *985 for the action. It is patently evident that the County Court has no jurisdiction.
The action is one for an alleged trespass by defendant upon plaintiffs’ lands and seeks treble damages, plus injunctive relief pursuant to article 8 of the Real Property Actions and Proceedings Law. It alleges that defendant went upon plaintiffs ’ property with a bulldozer, removed trees and erected a fence astride plaintiffs’ lands.
The New York State Constitution (art. VI, § 11) provides that the County Court shall have jurisdiction, insofar as it applies to real property actions, “ over summary proceedings to recover possession of real property and to remove tenants therefrom; and over such other actions and proceedings, not within the exclusive jurisdiction of the supreme court, as may be provided by law.”
The Legislature, by section 190 of the Judiciary Law has provided for County Court jurisdiction over the following real property actions: “1. An action for the partition of real property, for dower, for the foreclosure, redemption or satisfaction of a mortgage upon real property, for the foreclosure of a lien arising out of a contract for the sale of real property, for specific performance of a contract relating to real property, for the enforcement or foreclosure of a mechanic’s lien on real property, for reformation or rescission of a deed, contract or mortgage affecting real property, or to compel the determination of a claim to real property under article fifteen of the real property actions and proceedings law, where the real property to which the action relates is situated within the county ”.
This action is not one of those specified in either the Constitution or the Judiciary Law. It has long been held, from earliest times to the most recent, that the County Court, being of limited jurisdiction, has no subject matter jurisdiction over certain types of real property actions (Wilkins v. Williams, 49 Hun 605; Haas v. Scholl, 68 Misc 2d 197). An action for trespass where money damages are sought is not within County Court jurisdiction (Lopiano v. New York Tel. Co., 139 Misc. 831). Jurisdiction over subject matter cannot be vested by consent (Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315).
Nor are removal powers to courts of limited jurisdiction of any aid to the parties here. (See N. Y. Const., art. VI, § 19 ; CPLR 325, subd. [d]; 22 NYCRR 861.18.) In each case the empowering authority is couched in terms of the court to which an action is removed having jurisdiction over the subject matter.
Finally, the fact that this court had this case on its calendar *986 for a period of time or offered to hear the case has no hearing. In Davidsburgh v. Knickerbocker Life Ins. Co. (90 N. Y. 526, 529-530) the Court of Appeals said “ The court could not acquire jurisdiction by consent and might, whenever its attention was called to the defect in the proceedings, refuse to exceed the powers conferred by the laws of its creation.”
It necessarily follows that the present motion be, and it is, denied, without costs or disbursements. Being without jurisdiction the court determines no further issues. The parties are referred to CPLR 325 (subd. [b]) for possible relief.